EARL TOWLE, APPELLANT, V. OLGA TOWLE, APPELLEE: JOSEPHINE MARSHALL, INTERVENER, APPELLEE.

2 N. W. (2d) 536

FILED FEBRUARY 13, 1942.   No. 31294.

*Hubka & Hubka,* for appellant.

*J. A. Hayward, contra.*

Heard before SIMMONS, C. J., ROSE, PAINE, CARTER, MESSMORE and YEAGER, JJ.

YEAGER, J.

This is an action by Earl Towle, plaintiff and appellant, against Olga Towle, defendant and appellee, and against Josephine Marshall, intervener and appellee, for the modification of that part of a decree of divorce which granted the care, custody and control of Charles F. Towle, the minor child of plaintiff and defendant, to the intervener, and which awarded $25 a month to the intervener for the support and maintenance of the said child. The original decree was entered on January 4, 1940, and was not appealed from.

A trial was had on the application for modification and on March 19, 1941, the district court ordered a reduction in the monthly allowance for support and maintenance for the said minor child, but otherwise denied the application of plaintiff for modification of the decree. From this order the plaintiff has appealed.

On the trial of the divorce action the trial court granted a divorce to the plaintiff, but found that neither plaintiff nor defendant was properly suited to have the care, custody and control of this child, and custody was awarded to the intervener, Josephine Marshall.

The evidence adduced at the trial of the divorce action was made a part of the bill of exceptions here. The entire bill of exceptions has been carefully examined.

Without quoting or summarizing the evidence, we conclude that the trial court was correct in refusing to give custody of this child to either of its parents. From an examination of the record on which the original decree was based and the additional evidence adduced, we are convinced that some one other than either of the parents should have the full custody and control of this boy.

In the light of the evidence, and with full recognition of the force of the legal proposition set forth in the brief of appellant that, "The statute and the demands of nature commit the custody of young children to their parents, rather than to strangers; and the court may not deprive the parents of such custody, unless it be shown that such parent is unfit to perform the duties imposed by the relation,

or has forfeited the right," we find that the action of the district court was correct and should be sustained. See *Norval v. Zinsmaster,* 57 Neb. 158, 77 N. W. 373; *Crandall v. Luhnow,* 137 Neb. 13, 288 N. W. 29.

The judgment of the district court is affirmed, and the attorney for the appellee is allowed an additional fee for service in this court in the amount of $100.

AFFIRMED.

MESSMORE, J., not participating.