NORBERT LICHTENBERG, APPELLANT, V. BILLIE JEAN
LICHTENBERG, APPELLEE.

47 N. W. 2d 575

Filed May 4, 1951. No. 32909.

*Spear, Lamme & Flory,* for appellant.

*Stevens & Powell,* and *Rohn & Rohn,* for appellee.

Heard before SIMMONS, C. J., .CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is a suit for divorce. The trial court denied a divorce to the plaintiff husband and granted a divorce to the wife on her cross-petition. The custody of the two-year-old daughter was given to the wife and plaintiff was ordered to pay child support in the amount of $40.00 a month. Costs and attorneys fees were assessed against the plaintiff. The plaintiff appeals.

The parties were married on February 10, 1947, and separated December 21, 1949. A daughter was born on January 29, 1948. The plaintiff was 23 years of age and the .defendant 16 at the time of their marriage. Plaintiff is physically handicapped by the loss of a leg and has an artificial lower limb. The real issue raised by the appeal is the correctness of the trial court's action in awarding the custody of the child to the mother.

· The plaintiff commenced the suit for divorce, alleging adultery and extreme cruelty as grounds therefor. The evidence adduced on both grounds is in irreconcilable conflict. There is no direct evidence of adultery on the part of the wife. The evidence is wholly circumstantial. The circumstances are explained by the wife and the man alleged to have been involved. It would serve no purpose to recite the evidence shown by the record. The trial court heard the evidence, observed the witnesses as they testified, and determined the weight and credibility. Where the evidence on material questions of fact is in irreconcilable conflict, this court will, in determining the weight of the evidence, consider the fact that the trial court observed the witnesses and their manner of testifying, and must have accepted one version of facts rather than the opposite. Meredith v. Meredith, 148 Neb. 845, 29 N. W. 2d 643. The foregoing rule is applicable and controlling in considering the foregoing

evidence. We conclude that the trial court was correct in denying a divorce to the plaintiff.

There is evidence in the record to sustain the granting of a divorce to the wife on her cross-petition. The record shows that plaintiff has moved the family about from place to place during the period of their married life. This has been necessary because of his inability, or unwillingness, to hold a job. He has failed to support his wife and child. The defendant wife has been required to obtain employment to aid in the support of the family. Plaintiff engaged frequently in the writing of no-fund checks, much to the humiliation of his wife. There is evidence that the parties quarreled frequently and that plaintiff used physical violence against her on at least one occasion. The evidence is sufficient to sustain the awarding of a divorce to the defendant wife on her cross-petition.

The trial court granted the custody of the two-year-old daughter to the wife. The plaintiff asserts that the trial court erred in so doing. The rule is that in a divorce case, where the custody of a minor child is involved, the custody of the child is to be determined by the best interests of the child, with due regard for the superior rights of fit, proper, and suitable parents. Gorsuch v. Gorsuch, on rehearing, 143 Neb. 578, 11 N. W. 2d 456; Hodges v. Hodges, *ante* p. 178, 47 N. W. 2d 361. The care, custody, and control of a child of tender years is almost uniformly awarded to the mother if she is a fit and suitable person.

The record shows that defendant and her small daughter have been offered a home by the grandparents of the defendant. The evidence shows that the grandparents have a good home in Schuyler, Nebraska, and that the advantages afforded to the child would be to its best interests. The mother being a fit and proper person to have the custody of the two-year-old daughter, and it appearing that she has made suitable arrangements for its care and custody, we find that the custody of the

child should be awarded to her. If the situation should change, so that this home would no longer be available to her, the trial court has the authority, upon application, to make such further order affecting the custody of the child as the evidence may require. But so long as the home of the grandparents is available to her, and her right to the custody of the child is not otherwise impaired, we are of the opinion that the best interests of the child require that it be placed in the custody of the mother. The decree of the district court being in accord with the conclusion of this court, it is affirmed.

AFFIRMED.