Francena Anderson, formerly Francena Wilcox, Appellant, v. Harley M. Wilcox, Appellee.

81 N. W. 2d 314

Filed March 1, 1957. No. 34081.

*Melvin Moss,* for appellant.

*Albert M. Detmer* and *Ernest A. Hubka,* for appellee.

Heard before Simmons, C. J., Carter, Messmore, Yeager, Chappell, Wenke, and Boslaugh, JJ.

Carter, J.

This is an appeal from an order of the district court modifying a decree of divorce by changing the custody of two children from the mother to the father. The mother, Francena Anderson, appealed from the order and will be hereafter referred to as the appellant. The father, Harley M. Wilcox, will be referred to as the appellee.

On August 11, 1950, the appellant was granted a divorce from the appellee on the ground of extreme cruelty. The custody of the two minor children, Donna and David, was granted to the appellant. On December 13, 1951, the decree was modified to permit the appellant

to remove the children to Perry, Kansas, and the support money for each child was reduced from $35 to $25 per month. On January 22, 1955, the appellee filed an application for a modification of the decree of divorce praying that the custody of the two children, Donna and David, be granted to him because of changed conditions alleged to warrant such action. The trial court sustained the application and the appellant has appealed therefrom.

The evidence shows that appellant had been married previous to her marriage to the appellee and had two children, Jean and Angela, by the previous marriage. Two children, Donna and David, the children here involved, were born to the parties to this action. Subsequent to the granting of a divorce from the appellee, appellant married Arthur Anderson. As a result of this marriage two children, Celesta and Jonathan, were born. Consequently, at the time the modification was sought, appellant had the care and custody of her six children, Jean 17, Angela 14, Donna 12, David 9, Celesta 3, and Jonathan 1½ years of age.

Appellant's present husband, Arthur Anderson, had been twice married previous to his marriage to the appellant, and had 12 children as a result of these marriages. The three younger ones, Arthur, Jr., 16, George 11, and Dwight 10, were in Anderson's care and custody and came into the home after his marriage to the appellant. Consequently, at the time of the hearing on the application to modify the decree in the district court, appellant's family consisted of her husband and 9 children ranging in age from 1½ to 17 years, which included the 6 children of her own who had been with her since birth.

The record shows that in January 1953, appellant and her husband moved to Ozawkie, Kansas, where they purchased a 70-acre tract of land approximately one-half mile north of the village. They and the 9 children moved into a house located on the land. The house was small

and the family somewhat crowded during the period they occupied it. Domestic difficulties arose and in August 1955, appellant and her 6 children moved into what is designated as the telephone exchange building in the village of Ozawkie. Appellant operates the telephone switchboard and lives in the quarters provided for the operator. It is a 5-room house consisting of a combination dining room and kitchen, a living room in which the switchboard is located, two bedrooms, and an enclosed porch which can be used except in bad weather. The home does not have running water or inside toilet. There is no sewerage system in Ozawkie. The evidence of persons acquainted with the home is that it was clean and neat, and maintained in an orderly manner. The evidence shows that the children, Donna and David, were kept clean and neatly dressed, and appeared to be healthy and adequately nourished. Both attended school regularly and had better than average grades. The children attended Sunday School and church with some degree of regularity. The general reputation of the appellant was good and the children appear to have conducted themselves much the same as other children of the community. There is some evidence of quarreling among the children, but it does not appear to have been any different than that which usually occurs in a large family.

The appellant receives $50 per month for the support of Donna and David. She earns $75 per month for operating the telephone switchboard and pays $14.50 for rents, utilities, and social security. She has earned small amounts from other sources. Her husband provides potatoes, milk, and some groceries. Angela operates a paper route which pays from $20 to $25 per month. The appellant testified that her income is sufficient to properly care for herself and the children. It is quite evident that the situation, so far as the children are concerned, is much better than it was when they lived on the farm.

The appellee owns and occupies a modern 6-room home in Fairbury, Nebraska. He is a railroad engineer with a net income of $449 per month. He has made his child-support payments regularly and has assisted the children materially in addition thereto. Appellee is away from home for periods of time while engaged in his work on the railroad. He would be dependent upon the hiring of competent help to care for the children. His reputation is good and his affection for the children sincere. He has a better house and better furnishings than the appellant.

We have difficulty in determining the changed conditions upon which the appellee relied to secure a modification of the decree. He has a better house and furnishings, and more earning capacity than the appellant, but these are not controlling factors. The appellant had remarried but at the time of the hearing she was living alone with her children the same as she did prior to her marriage with Anderson. The evidence will not sustain a finding that the children are neglected, undernourished, or abused. The evidence indicates that appellant has a good reputation, is a good homemaker, and loves her children. The children have been raised together as one family since their births and get along together as normal children do. There is some evidence that appellant has some belief in prophetic warnings and visions, but there is no evidence that it has had any unfavorable effects upon the children. The record indicates that the life of appellant is difficult, and that she must work hard and be frugal in order to properly care for her children. This is no evidence requiring her to give up her children in the absence of evidence that she is not a fit and proper person to have their custody. This is so even if others seeking their custody may have the means to better maintain and care for the children.

We point out that the divorce involved in this case was granted to the appellant. She stands in the posi-

tion of the innocent party. The court by its decree found the appellant to be a fit and proper person to have the care and custody of the children. It is the rule in this state that where the custody of minor children is awarded to the mother in a divorce proceeding, such custody will not be disturbed in a subsequent proceeding to modify the decree unless it is affirmatively shown by a change of circumstances that the mother is an unfit person to have their custody, or that the best interests of the children require such action. Campbell v. Campbell, 156 Neb. 155, 55 N. W. 2d 347; Bath v. Bath, 150 Neb. 591, 35 N. W. 2d 509. The propriety of the award of custody to the appellant in the divorce decree cannot be here questioned. The basis for the modification as to custody is that there have been changed conditions which require a change in the custody of the children. The basis for the modification of the decree is section 42-312, R. R. S. 1943, which provides: "If the circumstances of the parties shall change, or it shall be to the best interests of the children, the court may afterwards from time to time on its own motion or on the petition of either parent revise or alter, to any extent, the decree so far as it concerns the care, custody and maintenance of the children or any of them." In the absence of changed conditions the modification must be denied. Stanley v. Stanley, 155 Neb. 125, 50 N. W. 2d 558; Blue v. Blue, 152 Neb. 82, 40 N. W. 2d 268; Harris v. Harris, 151 Neb. 191, 36 N. W. 2d 849. We find no evidence in this record that can sustain a finding that the appellant is not a fit and proper person to have the care and custody of her two minor children, Donna and David.

The question then arises: Do the best interests of the children require that their custody be taken from the mother and given to the father? We think not. The two children were 5 and 3 years of age when the divorce was granted. They have been under the care and supervision of the mother since that time. They have been

reared in close association with Jean and Angela since their birth and with Celesta and Jonathan since the latter were born. They get along well with their mother and the other children in the family. The evidence shows that they are developing as normal children. We think it would not be to the best interests of these children to take them from the only environment they have ever known and place them under the care of a father 62 years of age who must employ strangers to substitute for the care of the natural mother and the association of the half brother and sisters. The natural attachments that have grown out of this environment should not be disturbed except for the most cogent reasons. None is here shown. Gorsuch v. Gorsuch, 143 Neb. 572, 10 N. W. 2d 466. We do not doubt that the appellee can provide certain advantages that the appellant cannot. On the other hand, the appellant as the natural mother who has cared for them since birth can provide other advantages that the appellee cannot replace. Since the record establishes that these two children are being adequately supported, educated, and trained by their mother, who is shown to be a fit and proper person to have their custody, we are drawn to the conclusion that a change of circumstances requiring a change of custody of the children is not sustained by the record.

The judgment of the district court is reversed and the cause remanded with directions to enter an order retaining the custody of the children in the mother, fixing the right of visitation by the father, and such other relief as the court deems proper, not inconsistent with this opinion. Appellant is allowed $250 for services of her attorney in this court.

REVERSED AND REMANDED WITH DIRECTIONS.