JIM H. YOUNG, APPELLEE, v. LAVEDA M. YOUNG, APPELLANT.

89 N. W. 2d 763

Filed April 25, 1958.   No. 34329.

*Maupin, Dent, Kay & Satterfield* and *William E. Morrow, Jr.,* for appellant.

*Sam S. Diedrichs,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an appeal from the district court for Lincoln County. It involves the custody of four minor children whom the trial court gave to the welfare department of Lincoln County.

The background out of which this litigation arose is as follows: Jim H. Young, as plaintiff, commenced an action against Laveda M. Young, as defendant, in the district court for Lincoln County. Plaintiff was therein granted a divorce from the defendant on February 19, 1955, on the ground of extreme cruelty. At that time the custody of their four minor children was awarded to the defendant. On August 3, 1957, the defendant filed an application therein asking for authority to remove these children from the State of Nebraska to the State of Colorado. Plaintiff filed objections thereto and, in addition, made application that the decree be modified so as to give him custody of the children. A hearing was had on the foregoing on August 23, 1957. As a result of that hearing the custody of the children was awarded to the welfare department of Lincoln County and they were immediately taken from the defendant. Her motion for new trial having been overruled, the defendant appealed therefrom.

At the time of the hearing on August 23, 1957, the children, who, up to that time, had always been in the care of defendant, their mother, were of the following ages: Daniel Jim, a son, 5; Elaine Sue, a daughter, 6; Roger Lavonne, a son, 7; and Larry Dean, a son, 9.

"It is the duty of this court, on appeal of proceedings to modify a decree of divorce, to try it de novo on the record and to reach a conclusion uninfluenced by what was done by the trial court, except if there is irreconcilable conflict in the evidence the court may consider that the trial court saw the witnesses and accepted one version of the facts." Firebaugh v. Firebaugh, 163 Neb. 79, 77 N. W. 2d 891. See, also, Hodges v. Hodges, 154 Neb. 178, 47 N. W. 2d 361.

There is irreconcilable conflict in the evidence on some material questions of fact but in this respect we think the witnesses called by appellant were much better qualified to testify in regard thereto than those called by appellee, the father. And this is also true of

the social worker and her supervisor who were called as witnesses by the court. Neither of these witnesses seemed to have any, or at least very little, actual knowledge of the conditions in the home and how it was being conducted. As to the parties we are fully aware of the fact that they are naturally prejudiced in their views because of the difficulties that have and still exist between them and will consider their testimony accordingly.

Appellant complains of the fact that the trial court admitted evidence, over proper objection, of her conduct prior to the date the divorce was granted appellee. It appears that at the time of the hearing, on which the original decree was based, the appellee submitted proof of the same conduct. This hearing was on November 17, 1954. The trial judge, at that time, continued the matter until such time as he could make a full investigation of all matters and circumstances involved. The decree which followed was rendered on February 19, 1955, at which time he awarded appellant custody of the children.

Section 42-312, R. R. S. 1943, provides: "If the circumstances of the parties shall change, or it shall be to the best interests of the children, the court may afterwards from time to time on its own motion or on the petition of either parent revise or alter, to any extent, the decree so far as it concerns the care, custody and maintenance of the children or any of them."

In interpreting this statute this court has held that an application for a change with respect to care and custody of minor children, which has been provided for in a decree of divorce, made at any time after the decree has been entered must be founded upon new facts and circumstances which have arisen subsequent to the entry of the decree. In the absence of such facts and circumstances the matter will be deemed res judicata. Harder v. Harder, 162 Neb. 433, 76 N. W. 2d 260. See, also, Anderson v. Wilcox, 163 Neb. 883, 81 N. W. 2d 314.

While that decision would be a finality as between

the parents, however, the foregoing rule would not apply in a different proceeding wherein the parties were not the same as in the divorce action nor in an action concerning the welfare of children wherein the interest of the state, as parens patriae, is directly involved. Barnes v. Morash, 156 Neb. 721, 57 N. W. 2d 783. And this would be particularly true of facts which, although existing at the time the original decree was rendered, were not there presented and considered by the trial court.

"The litigant who offers incompetent and irrelevant evidence in the trial of a case, which is admitted over proper objection of the adverse party, may not have any benefit or advantage because of its reception. This court disregards such evidence in the trial de novo of a case." Shepardson v. Chicago, B. & Q. R. R. Co., 160 Neb. 127, 69 N. W. 2d 376.

Appellant also contends the testimony of the social worker, and her supervisor, is not of such character as justified the trial court in taking the action that it did since it was based solely on hearsay and the witnesses' fears, as social workers, as to what might happen if the children were left with the mother. We have already intimated how little these witnesses actually knew about the conditions in the home. It appears the social worker had actually visited in the home just once, some 8 or 9 months prior to the hearing, whereas the supervisor had never been in it. She received all her information from the social worker.

As we said in Krell v. Mantell, 157 Neb. 900, 62 N. W. 2d 308, 43 A. L. R. 2d 1122, by quoting from In re Matter of Hill, 78 Cal. App. 23, 247 P. 591: " 'The relations of parent and child should not be severed or disturbed unless the facts justify it, and the interests of all parties concerned require that these facts be shown by evidence whose verity has been carefully and legally tested.' " We also held, by quoting from People v. Lewis, 260 N. Y. 171, 183 N. E. 353, 86 A. L. R. 1001,

that: " 'The finding of fact must rest on the preponderance of evidence adduced under those rules. Hearsay, opinion, gossip, bias, prejudice, trends of hostile neighborhood feeling, the hopes and fears of social workers, are all sources of error and have no more place in Children's Court than in any other court.' "

Section 42-312, R. R. S. 1943, hereinbefore set forth, is the basis for the court's authority in such matters. We have held, in applying that authority, as follows: In a divorce action, wherein a divorce has been granted and the custody of children has been fixed, the court in a proper proceeding may, where the circumstances of the parties have changed or it shall be to the best interests of the children, modify the decree as it concerns the care, custody, and maintenance of the children, or any of them, having due regard for the rights of fit, proper, and suitable parents. Morehouse v. Morehouse, 159 Neb. 255, 66 N. W. 2d 579. See, also, Campbell v. Campbell, 156 Neb. 155, 55 N. W. 2d 347; Lichtenberg v. Lichtenberg, 154 Neb. 278, 47 N. W. 2d 575; Towle v. Towle, 141 Neb. 21, 2 N. W. 2d 536; McNamee v. McNamee, 154 Neb. 212, 47 N. W. 2d 383. As stated in Morehouse v. Morehouse, *supra:*

"A parent may not be deprived of the custody of his child by the court until it is established that the parent is unfit to perform the duties of the relationship of parent and child or has forfeited the right to the custody of the child.

"The custody of a child is to be determined by its best interests with due regard to the superior rights of fit and suitable parents.

"The unfitness which deprives a parent of the right to the custody of his child must be positive, and not comparative, and the mere fact that the children would be better nurtured or cared for by a stranger is not sufficient to deprive a parent of his right to their custody." See, also, Anderson v. Wilcox, *supra;* Clarke v. Lyon, 82 Neb. 625, 118 N. W. 472, 20 L. R. A. N. S. 171;

Terry v. Johnson, 73 Neb. 653, 103 N. W. 319; In re Guardianship of Peterson, 119 Neb. 511, 229 N. W. 885.

As stated in Clarke v. Lyon, *supra:* "The statute declares and nature demands that the right shall be in the parent, unless the parent be affirmatively unfit. The statute does not make the judges the guardians of all the children in the state, with power to take them from their parents, so long as the latter discharge their duties to the best of their ability, and give them to strangers because such strangers may be better able to provide what is already well provided."

We shall only discuss the appellant, her home, and the children as they relate to her being a proper, fit, and suitable person to have custody of the children. In doing so we shall not go into detail for that would serve no useful purpose. We make the observation that the evidence adduced shows appellee to be a fit, proper, and suitable person to have their custody but, as stated in Campbell v. Campbell, *supra:* "In awarding the custody of minor children, the court looks to the best interests of such children, and those of tender age are usually awarded to the mother." And this would be particularly true here since the children have always been with the mother until taken from her on August 24, 1957, and turned over to the welfare department of Lincoln County.

When the divorce decree was rendered appellant was given the household goods. They were very modest, except for a nice bedroom suite, but apparently adequate for the needs of the mother and her children. Appellant, for reasons which to us seem reasonable, has, on five different occasions since the divorce was granted, moved the home. Once she moved to Crawford, Nebraska, but later returned to North Platte, which always had been and was, at the time of the hearing, her home. It appears that she kept an average home; that the children were well fed; that the children were kept clean and dressed within her means; that

the two oldest children attended school regularly and were able to make passing grades; that the daughter had attended kindergarten; that the children regularly attended Sunday school, which the mother taught; that one of the boys was a cub scout in which organization the mother took an active part; and that the children were well mannered and minded their mother.

The record shows the mother had a deep concern and love for these children, to which the children seemed to respond in kind; that she attended church and took an active interest in the Home League as a member thereof, which is an organization sponsored by the Salvation Army to foster better homes and mothers; and that she never leaves the children alone in the home, always getting someone to stay with them when she is absent therefrom. It is true that appellant drinks alcoholic liquor, primarily beer. There is evidence that on occasions she has possibly consumed more than ordinarily would be proper and desirable. There is also evidence that on one or possibly two occasions a party of friends, who had brought their own liquor, became noisy while in her home. While we do not approve such conduct on her part, however, we do not think it was of such a character that it completely destroyed her right to raise her children. The same is true of the fact that she had men as friends for such was certainly her right and privilege as a single woman.

Without going further into detail we find, from the evidence properly before us for our consideration de novo, that appellant is still a fit, proper, and suitable person to have the care of her children and that the trial court was in error when it took them from her. See McNamee v. McNamee, *supra.*

We do not think the record justifies appellant's request to be permitted to take the children to Colorado for, as stated in Campbell v. Campbell, *supra:* "In a divorce case it is generally the best policy to keep

minor children within the jurisdiction of the court."

All costs in the district court and this court, including an attorney's fee of $150 allowed appellant as attorney's fee for the services of her attorney in this court, are taxed to appellee. We note a charge of $98 was made by the official court reporter for preparing the bill of exceptions whereas the proper charge, in view of section 24-342, R. R. S. 1943, should have been $35.40. The district court is directed to retax the cost thereof in that amount. See, Pueppka v. Iowa Mutual Ins. Co., *ante* p. 203, 88 N. W. 2d 657; Campbell v. Campbell, *supra.*

We reverse the judgment of the district court and direct it to enter a judgment in accordance herewith and therein direct the welfare department of Lincoln County to immediately return these children to appellant and therein restore the allowance of $90 per month to be paid by appellee for the support and maintenance of these children.

REVERSED AND REMANDED WITH DIRECTIONS.