ELLSWORTH F. STOHLMANN, APPELLANT, V. NORMA GRACE STOHLMANN, APPELLEE, AUGUST STOHLMANN, SR., ET AL., INTERVENERS-APPELLANTS.

96 N. W. 2d 40

Filed April 10, 1959. · No. 34526.

W. L. Dwyer, for appellants.

John L. Lawler, for appellee.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAP-PELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is a proceeding for modification of the portion of a decree in an action for divorce relating to the custody and control of minor children of the plaintiff and the defendant. The background of the present proceeding is as follows: In the divorce proceeding Ellsworth F. Stohlmann was plaintiff. He is an appellant here. Norma Grace Stohlmann was defendant and is appellee herein. In the divorce action August Stohlmann, Sr.,

and Louisa Stohlmann, parents of the plaintiff, were interveners. They are appellants herein. In the action a decree of divorce was granted to the defendant on March 3, 1948. At the time the decree was rendered the plaintiff and defendant had two children whose names and ages were Danny, 5, and Carolyn Sue, 4.

By the decree the custody of the children was given to the interveners except for the period from June 15 to August 15 of each year, during which period custody was awarded to the defendant. During the periods for which the defendant was awarded custody she was not permitted to remove the children from the jurisdiction of the court. The right of visitation at reasonable times was allowed the defendant when the interveners had custody and a corresponding right of visitation was awarded plaintiff when the defendant had custody.

On June 13, 1958, the interveners filed an application to modify that portion of the decree relating to custody of the children by denying the right of the defendant to custody. There was no request that her right of visitation should be denied. The basis of the application was that the defendant indulged in the use of intoxicants contrary to the provisions of the decree, and that it was for the best interests of the children and in accord with their desires that they be removed from any custody of the defendant.

To the application for modification the defendant filed an answer denying the pertinent allegations of the application. A cross-petition was also filed wherein the defendant sought relief against the terms of the decree in one respect, and that was that during the periods when she had custody that she should be allowed to remove the children from the jurisdiction of the court. In addition to this she sought an award of $150 a month from the plaintiff for support for the periods during which she had custody of the children. She was awarded nothing for support by the original decree.

A trial was had and on July 31, 1958, the decree was

modified in the following particulars: The defendant was awarded custody annually from June 15 to August 1, beginning in 1959. She was granted the right to take the children during such periods from the jurisdiction of the court, and particularly she was granted leave to take them to any place in the United States at her own expense. The plaintiff was required to pay the defendant each year the sum of $120 for support, payable $60 on June 15, and $60 on July 15. The interveners were granted the right during the times when they had custody to take the children from the jurisdiction of the court on vacations.

From the order modifying the decree the plaintiff and interveners appealed. There is no cross-appeal.

In the light of what has been pointed out it must be said that the interveners are proper parties to have the custody of these children. Their qualities and qualifications in that respect have not been brought into question. The defendant does not herein seek to have this in anywise changed. The inquiry here is limited to the question of whether or not the defendant because of her conduct should no longer have the custody of these children for two months or, as the modification provides, one and one-half months out of each year, and that of whether or not in the light of the best interests of the children she should be permitted to have custody for these designated periods.

As to the first of these questions there was some evidence that the defendant on occasion partook of intoxicants, contrary to the exactions of the decree, but there is no very convincing evidence of excesses. The trial court heard the evidence and of course evaluated it and at least by inference found it insufficient upon which to deprive the defendant of the custody granted by the decree. The inclination in the area of fitness on account of personal conduct to have custody of the children is to accept the obvious finding of the trial court that she was not unfit. The following from Dier

v. Dier, 141 Neb. 685, 4 N. W. 2d 731, which has been repeated either with exactness or in substance in numerous cases, appears to be applicable to the present situation: "When the evidence on material questions of fact is in irreconcilable conflict, this court will, in determining the weight of evidence, consider the fact that the trial court observed the witnesses and their manner of testifying, and must have accepted one version of the facts rather than the opposite."

This leaves for consideration only the question of what is for the best interests of these children. As to change of custody, section 42-312, R. R. S. 1943, provides: "If the circumstances of the parties shall change, or it shall be to the best interests of the children, the court may afterwards from time to time on its own motion or on the petition of either parent revise or alter, to any extent, the decree so far as it concerns the care, custody and maintenance of the children or any of them."

The record discloses these children have not been cared for by or in the custody of the defendant since Caroyln Sue was 3 months old, except 2 months each year since the decree of divorce was rendered. The only thing appearing in the present record as a reason for this is the bare statement by the defendant that she departed and went to work because the plaintiff was not supporting his family. At all times mentioned they have been in the care of the interveners who until recently have lived on a farm near Louisville, Nebraska. They now live in Louisville and the plaintiff lives on and operates the farm. The defendant lives in Chicago, Illinois, and her parents live in Boise, Idaho. The defendant was remarried in 1955 and the plaintiff was remarried in 1955. During the annual periods when the defendant has had custody of the children she has come to Omaha and rented quarters in which to live and care for the children. There is nothing to indicate that the quarters were not proper or environmentally

satisfactory. Likewise it may not be said, although some complaint appears, that the children did not receive satisfactory care and treatment at the hands of the defendant.

According to the testimony these children have been members of the Louisville community all of their lives and their friends and interests are centered there. They go to school there. It is there that they have extra-curricular interests which are not part of but are related to school affairs and activities. Carolyn Sue has a calf the care of which she enjoys and from which she does not care to be separated. She is very much interested in music, and her practice and progress are interrupted much to her disadvantage. Danny has more than one calf to look after, and he is interested in farming and in helping his father on the farm. He is interested in sports, particularly baseball, but because of lack of practice on account of being away, he is handicapped and as a result he does not have the opportunity to engage in them. In short, by being required to leave the environment in which they have grown up from earliest recollection they are unhappy and not contented during the time when they are in the custody of their mother.

It appears from the testimony that each year during the period when they have been in the custody of their mother they have been in Omaha but at different locations and under the circumstances have not had the opportunity to form friendships and associations which have been satisfactory. The activities provided were shows, swimming, and similar events, and nothing of a character similar to that to which they were accustomed the other 10 months of the year.

The arrangement was displeasing to both of the children and they were desirous that the requirement that they spend the fixed periods with their mother be discontinued.

This résumé of the evidence is not complete in detail

but it does present, fairly and sufficiently, the situation upon which this court must say whether or not the decree as to the custody of these children shall be modified.

In Anderson v. Wilcox, 163 Neb. 883, 81 N. W. 2d 314, this court said with regard to section 42-312, R. R. S. 1943: "In the absence of changed conditions the modification must be denied." If by this statement it was meant that before a decree could be modified a changed environmental condition must be shown or some change must have come about in or with reference to personal qualities of a party having custody, then the application of interveners must be denied, since in these respects it cannot well be said that there has been any change.

It is not believed however that the statement was predicated on any such meaning. It is not believed that it was intended to preclude a modification based upon a change which would contribute to the best interests of children in the light of advance in years and their evolutionary social changes.

Happiness, welfare, and opportunity to do and perform without interruption the things which children enjoy and which contribute to fitness of children to occupy a proper and fruitful place in the social and economic order must be regarded as matters which contribute to the best interests of children. The deprivation or interruption of these incidents of course would operate to the contrary.

It is not probable that the Legislature intended by the quoted provision to preclude a change of custody of children of divorced parents when by advance in years the best interests of the children were not being served.

It appears that one more thing ought to be considered in determining what should be done in this case. It is the will and wish of these children that the interveners shall have full custody of them. This desire is quite normal and natural since from what has been

said it is clear that the interveners have actually stood in loco parentis to them in a satisfatcory environment since they were babies.

This court said in State ex rel. Bize v. Young, 121 Neb. 619, 237 N. W. 677: "While the wishes of a child under the age of fourteen years are not controlling where in conflict with what the courts regard as the minor's best interest, still 'Even though an infant is under the age of fourteen, if he has reached an age sufficient to enable him to form an intelligent preference, it is proper that his wishes should be consulted in connection with the selection of a guardian.' 28 C. J. 1077." In the present case Carolyn Sue and Danny were respectively 14 and 15 years of age at the time of trial. It is true that the foregoing statement was made in a guardianship matter but the question involved was fitness to be custodian of children.

The conclusion reached here is that the interveners should have the full custody of the two children involved in this controversy. Accordingly the order of modification of decree is reversed and the cause remanded with directions to enter an order modifying the decree to conform with the prayer of the application therefor by the interveners. The costs are taxed to plaintiff-appellant herein.

REVERSED AND REMANDED WITH DIRECTIONS.

MESSMORE, J., participating on briefs.