VIOLA JONES, APPELLEE, v. JAMES JONES, APPELLANT.

159 N.W. 2d 544

Filed June 7, 1968. No. 36834.

Beynon, Hecht & Fahrnbruch and Michael W. Brown, for appellant.

Hal W. Bauer, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

On January 2, 1964, defendant James Jones obtained

a decree of divorce from the plaintiff Viola Jones. The custody of their minor daughter Vickie Marie Jones was awarded to the defendant. The present action results from an application of plaintiff praying for a modification of the decree of divorce insofar as it pertains to the custody of the minor child and that custody be awarded to plaintiff. The application was heard on August 30, 1967, at which time Vickie was 12 years of age. The trial court awarded Vickie's legal custody to Mrs. Helen Cox, chief juvenile probation officer of Lancaster County, Nebraska, but provided that the physical care and custody of the child should remain with the defendant. Defendant has appealed. Plaintiff, not having cross-appealed, the question of her fitness to have custody is not at issue.

The rules governing the situation presented are clear. "An application for a change with respect to care and custody of minor children, which has been provided for in a decree of divorce, made at any time after the decree has been entered must be founded upon new facts and circumstances which have arisen subsequent to the entry of the decree. In the absence of such facts and circumstances the matter will be deemed res judicata." Young v. Young, 166 Neb. 532, 89 N. W. 2d 763.

" 'The proper rule in a divorce case, where the custody of minor children is involved, is that the custody of the child is to be determined by the best interests of the child, with due regard for the superior rights of fit, proper, and suitable parents.' * * * 'The natural rights of a parent to the custody of his child are not absolute. They must yield to the best interests of the child where the preferential right has been forfeited.' " Caporale v. Hale, 169 Neb. 751, 100 N. W. 2d 847.

" 'When the evidence on material questions of fact is in irreconcilable conflict, this court will, in determining the weight of evidence, consider the fact that the trial court observed the witnesses and their manner of testifying, and must have accepted one version of the facts

rather than the opposite.'" Stohlmann v. Stohlmann, 168 Neb. 401, 96 N. W. 2d 40.

"'The discretion of the lower court with respect to awarding or changing the custody and support of minor children is subject to review, but the determination of the court will not ordinarily be disturbed unless there is a clear abuse of discretion or it is clearly against the weight of the evidence.'" Johnson v. Johnson, 177 Neb. 445, 129 N. W. 2d 262.

Defendant has not remarried. He has found it necessary, when away from home due to his employment or for other reasons, to employ various women to look after his daughter. These women were accustomed to live in his home at various times. Although the evidence of the existence of an improper relationship between the defendant and some of these women is not conclusive, there is evidence from which the trial court may well have concluded that such a relationship existed and was detrimental to the welfare of his daughter. The evidence conclusively demonstrates that the animosity existing between plaintiff and defendant did not abate and resulted in constant bickering and quarreling between them in regard to plaintiff's visitation rights and the custody of the child, with the result that the child was sometimes ill-advised, disobedient, and was rendered unduly nervous. Vickie, nevertheless, expressed a desire to remain with her father.

Under the existing conditions, we find that there has been a sufficient change in circumstances to justify a modification of the original decree and that Vickie's welfare, which is the paramount consideration, required such change. The order entered by the trial court permits Vickie to live with her father, to attend the school with which she is familiar, and to continue such friendships as she may have entered into. The change in her legal custody simply means that her home conditions will remain under the surveillance and superintendence of a competent individual and will result in the removal

of any threat to her moral well-being. It should also reduce, and perhaps bring to an end, the constant bickering between her parents which rendered life difficult for her and resulted in her nervous condition. Under such circumstances, we find that the decree of the trial court is not against the weight of the evidence and that there has not been an abuse of discretion.

The decree of the district court is affirmed. The sum of $200 is allowed plaintiff for the services of her attorney; the sum of $100 is allowed the guardian ad litem; and costs of appeal are taxed to defendant.

AFFIRMED.