SHIRLEY PACKETT, APPELLANT AND CROSS-APPELLEE, V. BERNARD PACKETT, APPELLEE AND CROSS-APPELLANT.
172 N. W. 2d 86

Filed November 14, 1969. No. 37263.

John McArthur, for appellant.

Wilson, Barlow & Watson, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

Plaintiff Shirley Packett and defendant Bernard Packett were divorced by decree of the separate juvenile court of Lancaster County, Nebraska, on April 5, 1966. They had as the issue of the marriage one son Brad Lee

Packett. Plaintiff was awarded custody of the minor son subject to a provision that: "The defendant should have the right to visit with his minor son at reasonable times and places, such as on weekends, holidays, birthdays, and a thirty day visit during the summer school vacation, the exact time of the summer visitation to be selected by the defendant at least thirty days prior to the commencement of said visit." Defendant now seeks custody of his son and both parties indicate that a clarification of the original decree is desirable. The trial court entered a supplemental decree providing: "* * * that the decree entered in this case on the 5th day of April, 1966 is modified to provide that until such time as the plaintiff is willing and does communicate with the defendant in order that reasonable visitation rights can be agreed upon by the parties, reasonable times and places of visitation of Brad Lee Packett with the defendant shall be selected and fixed by the defendant." We find that the decree of the trial court requires modification.

Ordinarily litigants come into court because they are unable to settle their differences themselves and desire the court to fix their respective responsibilities. Such was the case here. It will be observed that the trial court in its most recent decree has failed to perform this duty but has, in effect, said to the parties: "Go home and settle your own differences." This is not an approved procedure.

At the time of the divorce, plaintiff was residing in the State of Iowa and defendant was residing in Lincoln, Nebraska. The only material changes in circumstances that have occurred are that the plaintiff now also resides in Lincoln, Nebraska, the defendant has remarried, and the son will very soon have attained the age of 14 years. It is not contended that either party is unfit to have the custody of the boy, but on the contrary, both appear to be much interested in his welfare. The defendant father, contrary to circumstances so often

found following divorce actions in which children are involved, very commendably takes a great interest in his son and this action has apparently resulted due to the fact that defendant has steadfastly sought to increase opportunities for association with his son. As mentioned, this is a commendable trait in the father, but there is another factor that cannot be overlooked. First, the son is now at an age where he quite likely has commitments of his own which may well be interfered with by his father's demands upon his company. Second, the persistent request of the defendant for the company of his son, oftentimes made on short notice, can have a disrupting influence upon the plans of the boy's mother. If the father is at liberty to gain the boy's company and to take him at his, the father's, pleasure, it makes it virtually impossible for the mother to make any plans either for the boy or for herself and the boy. This presents, at best, an unsatisfactory situation.

The original decree did not provide that the defendant could take his son into his home any time other than the 30-day vacation period. It did provide that he might visit the son at other reasonable times and places such as weekends, holidays, and birthdays. The defendant has apparently construed this provision to give him a blanket invitation to seek the company of his son whenever he desired to do so and since the plaintiff moved her residence to Lincoln, Nebraska, the defendant has increasingly sought to take advantage of the rights he deemed himself to have under the original decree. This led to considerable dissension between the parties. Both parties concede that they had agreed that the defendant might, in addition to the summer vacation period, take his son with him on 1 weekend each month, and might also take him to church each Sunday, and elsewhere on 2 evenings in each month. This agreement was adhered to for a time but proved to be unsatisfactory to the defendant.

An original decree fixing custody of minor children will not be modified unless there has been a change in

circumstances indicating that the person having custody is unfit for that purpose or that the best interests of the child require such action. See, Anderson v. Wilcox, 163 Neb. 883, 81 N. W. 2d 314; Jones v. Jones, 183 Neb. 223, 159 N. W. 2d 544. In the present case, no such change of circumstances has occurred; yet, it would appear in the best interests of the minor child, due to the constant bickering which has been occurring between his parents, that there be some modification of the custody provisions. Such conduct cannot fail to be painful and detrimental to Brad Lee Packett. We, therefore, believe that some revision and clarification of the decrees entered in this case would be proper and in the best interests of the minor son.

The custody of Brad Lee Packett shall remain vested in his mother, the plaintiff herein. Defendant may have custody for a 6-week period during summer school vacation, but shall give 3 weeks notice to plaintiff and to his son of the period he selects and shall return his son to plaintiff's custody at least 1 week before school commences. Defendant shall also be privileged to take his son into his home or elsewhere 1 weekend each month upon giving 3-days notice of the time selected to plaintiff and to Brad. Defendant shall also be privileged to take his son to church and to noon lunch each Sunday and to have his company 2 evenings out of each month. Plaintiff and Brad shall be given 24 hours notice of the evenings selected and Brad shall be returned to plaintiff's home at a reasonable time each evening. The costs of this action, including trial court costs, are taxed to the defendant and plaintiff is allowed an attorney's fee in the sum of $500.

The judgment of the trial court is modified as above set forth and the cause is remanded with directions to enter a decree in accord with this opinion.

AFFIRMED AS MODIFIED.

CARTER, J., dissenting.

The appeal in this case was from an order of the trial

court modifying the visitation rights of the husband. The trial court gave the husband the authority to fix the times and places for exercising visitation rights, taxed the costs to the wife, and denied the wife an attorney's fee, all of which is assigned as error. This court holds, in effect, that the court was in error in not fixing specifically the visitation rights of the husband. With this portion of the opinion, I agree.

The costs of this appeal should be taxed against the husband including a reasonable attorney's fee for services rendered in this court. Considering the issues involved on appeal, I submit that a reasonable attorney's fee does not exceed the amount of $250 and I respectfully dissent from the allowance of $500 for services rendered in this court.

The wife assigns as error the taxing of costs to the wife in the trial court and the failure to allow the wife an attorney's fee in that court. I point out that the issues in the trial court are more detailed and extensive than they are on this appeal. The taxing of an attorney's fee for services rendered in the trial court is, in the first instance, in that court and not here. If the trial court erred in not fixing an attorney's fee for the wife, the case should be reversed and remanded to the trial court to have such attorney's fee taxed as costs in that court. It is the trial court and not this court that has the facts and means of determining a reasonable attorney's fee for services rendered in that court. It is true that this court has in the past, improvidently I think, allowed attorney's fees in the trial court for services in that court without the benefit of that court's judgment as to the allowance to be made. The taking of the allowance out of the hands of the trial court and substituting our judgment for that of the trial court on a record which may or may not be adequate as to all that has occurred in the trial court, including previous allowances made, can well result in a hit or miss allowance that is unfair and unreasonable. I submit that an

excessive attorney's fee should not be allowed in this court on the theory that we are making an allowance for services rendered in both the trial court and in this court.

For the foregoing reasons, I do not concur with the allowance of a $500 attorney's fee for services rendered in this court.