DOROTHY A. BENNETT, APPELLANT, v. CURTIS E. BENNETT, APPELLEE.

204 N. W. 2d 379

Filed February 16, 1973. No. 38544.

Lyman, Meister & Olsen, for appellant.

Van Steenberg, Winner & Brower, for appellee.

Heard before SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

This is an appeal from a judgment transferring the custody of the minor children of the parties from the plaintiff, Dorothy A. Bennett, to the defendant, Curtis E. Bennett.

The parties were divorced on November 19, 1970. The decree entered at that time found that the plaintiff, Dorothy A. Bennett, was a fit and proper person to have the custody of Susan Ann Bennett, now 12 years of age; Derry Deanne Bennett, 10 years of age; and Tracy Lea Bennett, 8 years of age.

On March 14, 1972, the defendant filed an application to modify the decree, alleging a change in conditions had occurred. After a lengthy hearing, the trial court found generally for the defendant and awarded him the custody of the children subject to reasonable rights of visitation in the plaintiff. The plaintiff appeals.

The controlling issue here is the best interests of the children. A decree fixing custody of minor children will not be modified unless there has been a change in circumstances indicating that the person having custody is unfit for that purpose or that the best interests of the children require such action. Packett v. Packett, 184 Neb. 769, 172 N. W. 2d 86. The discretion of the trial court with respect to changing the custody of minor children is subject to review, but the determination of the court will not ordinarily be disturbed unless there is a clear abuse of discretion or it is clearly against the weight of the evidence. Boyer v. Boyer, 183 Neb. 226, 159 N. W. 2d 546.

The evidence in this case is in conflict on many points. A determination as to whether the change in custody should have been made depends to a large extent upon a resolution of these conflicts. In reviewing the record we consider the fact that the trial court observed the witnesses and their manner of testifying and accepted one version of the facts rather than another.

The application alleged in part that the plaintiff had failed to furnish a proper home environment for the children in that she regularly drank intoxicating liquors to excess; entertained a male companion, not her husband, at her home until the early hours of the morning

and, on occasion, for the entire night; and neglected the children generally. The defendant's evidence sustained these allegations generally. There was evidence that the children were left alone in the home while the plaintiff was away drinking and that occasionally no arrangement was made for their meals. A daughter of the plaintiff's male companion had been living in the plaintiff's home while one of her children had been living in the home of defendant's parents. Although there was no evidence of extreme neglect or of substantial adverse effect upon the children, the evidence did sustain a finding that the plaintiff had not furnished a proper home environment for the children within her capabilities. The evidence indicated that the plaintiff was more concerned with her own pleasure than the welfare of her children and they suffered some disadvantages as a result of this attitude.

With respect to the defendant, the evidence shows that he has remarried, maintains a suitable home, and will be able to care for the children. We find that the plaintiff's charges of misconduct and unfitness against the defendant are not sustained by the evidence.

As we view the record, there was no abuse of discretion by the trial court and it was in the best interests of the children that their custody be transferred to the defendant.

The other assignments of error relate to the refusal of the trial court to grant a continuance; the refusal to permit the plaintiff to withdraw her rest and offer additional evidence; and the failure to allow a fee for the plaintiff's attorney.

The denial of the continuance and the refusal to permit the plaintiff to reopen her case were both within the discretion of the trial court. The plaintiff's failure to obtain counsel until 2 weeks after she had been served with the notice of hearing did not give her a right to a continuance. The motion to reopen the case was not made until after the case had been decided.

The additional evidence would have been cumulative only.

We are of the opinion that the trial court should have allowed the plaintiff a fee for the services of her attorney in that court. Upon remand, a reasonable allowance should be made. In all other respects, the judgment of the district court is affirmed. The plaintiff is allowed the sum of $250 for the services of her attorney in this court.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.

WHITE, C. J., participating on briefs.