MARTHA J. WICHERT (MAGEE), APPELLEE AND CROSS-APPELLANT, v. GILBERT H. WICHERT, APPELLANT AND CROSS-APPELLEE.

204 N. W. 2d 381

Filed February 16, 1973. No. 38598.

E. Dean Hascall, for appellant.

L. W. "Jim" Weber and Larry Fugit, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

The issue in this case is whether custody of the two sons of the parties should be changed from the plaintiff mother to the defendant father. The decree of divorce was entered on October 9, 1970, and pursuant to stipulation, care and custody was awarded the mother and the father was granted rights of visitation at reasonable times. The application for change of custody was filed on February 17, 1972. The district court, after the hearing on the application, continued permanent custody in the mother and awarded temporary custody in the father during the month of July annually and during Christmas and Easter vacations in alternate years. It modified the child support judgment to provide that the $300 payment for July each year should not be paid to the plaintiff, but should be set aside by the father in a fund of his own choosing to be used for the post high school education of the boys. The court denied the plaintiff's request for attorney's fees. The defendant appealed from the order denying him permanent custody. The plaintiff cross-appealed from the modification of the support payment and the denial of the attorney's fee.

The boys were age 10 and 7 at the time of hearing on the application for change of custody on April 26, 1972. The defendant is an Army officer. The mother is a secretary-bookkeeper. Both parties have remarried, the mother on March 18, 1972, and the father on August 2, 1971.

The trial court obviously concluded that both parties were fit and proper persons to have custody, but that the best interests of the children did not require a change of permanent custody at that time. We have carefully read the record and considered the matter de novo. After having done so we cannot say that there has been any change of circumstances which indicates that the best interests of the children will be served by a permanent change of custody. Young v.

Young, 166 Neb. 532, 89 N. W. 2d 763. The modification of the child support judgment was proper and within the discretion of the court. We find, however, that the plaintiff should be awarded the sum of $750 for the services of her attorney in this and the trial court.

AFFIRMED AS MODIFIED.