DEANNA FLESHER, APPELLANT, v. DONALD J. FLESHER, APPELLEE.

208 N. W. 2d 677

Filed June 15, 1973. No. 38864.

Joseph Savin, for appellant.

Kerrigan, Line & Martin, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

This appeal is from an order denying plaintiff-appellant's motion for a change in the custody and control of the minor children of the parties. We affirm.

Plaintiff's action for divorce was filed June 28, 1971. Defendant filed an answer and a cross-petition, contesting on the grounds of plaintiff's alleged adulterous conduct. Both parties were represented by counsel. Subsequently, an agreement was reached between the

parties which permitted plaintiff to obtain the divorce but gave the defendant custody and control of the minor children. The decree was entered October 15, 1971.

On February 25, 1972, plaintiff, by different counsel, filed a motion to vacate that part of the decree relating to the custody of the minor children of the parties. On June 30, 1972, an order was entered vacating that part of the decree relating to the custody, but leaving the children in the custody of the defendant and setting the case for trial. On September 27, 1972, after further hearing, the permanent custody of the children was awarded again to the defendant.

After reviewing the record, we find this case is controlled by our holdings in Bennett v. Bennett (1973), 189 Neb. 654, 204 N. W. 2d 379. In that case we said: "A decree fixing custody of minor children will not be modified unless there has been a change in circumstances indicating that the person having custody is unfit for that purpose or that the best interests of the children require such action.

"The discretion of the trial court with respect to changing the custody of minor children is subject to review, but the determination of the court will not ordinarily be disturbed unless there is a clear abuse of discretion or it is clearly against the weight of the evidence."

Plaintiff's allegations of coercion were resolved against her by the trial judge who heard the divorce action. We accept his findings. We find no abuse of discretion and the judgment is not against the weight of the evidence. The judgment should be and is affirmed.

AFFIRMED.

SMITH, J., participating on briefs.