JAMES Q. HOSSACK, APPELLEE, v. MARJORIE A. HOSSACK, APPELLANT.

126 N. W. 2d 166

Filed February 7, 1964.    No. 35527.

Marchetti & Samson, for appellant.

Julius D. Cronin and Marks, Clare, Hopkins & Rauth, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, SPENCER, BOSLAUGH, and BROWER, JJ., and LYNCH, District Judge.

LYNCH, District Judge.

This is an appeal from an order of the trial court which modified a divorce decree by changing the custody of two minor children from the mother-appellant to the father-appellee, and denying the appellant's application to remove the children to her home in Illinois.

The father-appellee will hereinafter be referred to as the plaintiff and the mother-appellant as the defendant.

The legal background of this case includes the following: September 12, 1955, the plaintiff filed a petition for divorce and custody of the two minor children; June 24, 1958, defendant filed an answer and cross-petition; June 24, 1958, decree of divorce was entered awarding custody to the defendant; August 31, 1961, plaintiff filed an application to modify the decree as to custody; August 27, 1962, the issues were tried; August 31, 1962, the trial court awarded custody of the children to the plaintiff; April 1, 1963, defendant's motion for new trial was overruled; June 7, 1963, plaintiff's application to move the children to Iowa was granted by this court.

In the divorce decree the trial court found that the defendant was a proper person to have the custody of the two boys. The order modifying the decree included no findings relative to changed circumstances or the best interests of the children. There was never a contention that the defendant is not a fit mother.

The decree was modified pursuant to section 42-312, R. R. S. 1943, and the matter is in this court for trial de novo; therefore, the record must be examined to determine whether or not the changed circumstances of the parties warrant a modification of the divorce decree, or the best interests of the minor children demand a change of custody. It is agreed that the important consideration is the welfare of the minor children.

The plaintiff contends that the following changed circumstances justify a transfer of custody: (1) The advancing age of the minor sons since custody was originally granted to their mother; (2) the remarriage of both parents; and (3) the advantages accruing to the growing sons in their father's environment. In addition to the foregoing he urges that efforts of the defendant to alienate the love and affection which the children would naturally have for their father, and her contriving to prevent him from visiting the boys in the manner and spirit

provided for in the original decree, are such serious detriments to the welfare of the children as to constitute a legal basis for changing the custody.

The record reveals that when the divorce decree was entered on June 24, 1958, one son, David, was 7 years old, and the other son, Steven, not quite 5 years old. On the date the modification order was made, August 31, 1962, David was 11 years old and Steven was almost 9. At the time of the divorce in 1958, the plaintiff was living on a ranch with his father. Since then he has become a professor of engineering at the University of Omaha, has established a home in Omaha, and more recently leased a 67-acre farm in Iowa, just 12 miles from Omaha. The father remarried in 1958, and there have been no children of this marriage. There is evidence that he has maintained contact with the boys, that he has made contributions to their support and welfare not required by the divorce decree, and that he has made available to them the advantages of farm and ranch life during their summer vacations. It further appears that he could presently furnish them a better-than-average home from an intellectual as well as a physical standpoint.

The record also discloses that the divorce decree found that the defendant was the innocent party and that she was a fit and proper person to have the custody of the two boys until they reach 21 years of age; that the defendant actually had custody of the children from the time the divorce action was filed on September 12, 1955, until the trial court's order of August 31, 1962; that no claims were made that the children were neglected or mistreated or that the defendant was of questionable character or qualifications; and that the defendant remarried on July 28, 1962, and recently moved to the State of Illinois.

Both parties to this lawsuit are college graduates. The plaintiff is a graduate engineer and the defendant has a Bachelor of Science degree in Elementary Education from the University of Nebraska.

There is evidence that the plaintiff took the boys to a psychologist, Dr. Martin D. Haykin, and that he informed the doctor he was dissatisfied with their progress in school and intended to seek their custody. Dr. Haykin examined them and administered certain tests in August 1960, and August 1961, following their summer visitations with the plaintiff. The doctor stated that in his opinion David was emotionally upset but Steven was not disturbed; that the children were not intellectually stimulated at home; and that the defendant's home did not provide motivation for them to use their innate abilities. He also testified that he neither consulted with the defendant nor visited in her home. There was no affirmative showing by the plaintiff as to how he would accelerate the boys' progress in school or intellectually stimulate them in his home.

In the case of Anderson v. Wilcox, 163 Neb. 883, 81 N. W. 2d 314, this court restated the position that: "Custody of minor children awarded to their mother in a divorce action will not be disturbed in a subsequent proceeding to modify the original decree, unless by changed circumstances it is affirmatively shown that the mother is an unfit person to have their custody, or that the best interests of the children require such action." The court commented as follows: "We have difficulty in determining the changed conditions upon which the appellee relied to secure a modification of the decree. He has a better house and furnishings, and more earning capacity than the appellant, but these are not controlling factors. * * * The evidence will not sustain a finding that the children are neglected, undernourished, or abused. The evidence indicates that appellant has a good reputation, is a good homemaker, and loves her children. The children have been raised together as one family since their births and get along together as normal children do. * * * She stands in the position of the innocent party. The court by its decree found the

appellant to be a fit and proper person to have the care and custody of the children."

From a consideration of the record in the instant case in the light of the prior decisions of this court, we find that the defendant is a fit and proper person to have the custody of the children; that the defendant has done nothing, nor has she failed to do something, that suggests a change of custody should be effected; and that it has not been affirmatively shown that changed conditions in the past or the possibilities for the future with their father warrant a change of custody. Such incidents of life as advancing age of minors, remarriage of parents, and particular advantages of one parent's environment do not constitute a legal basis for changing the custody of minor children from the mother to the father without an affirmative showing that the welfare of the children demands a change.

The plaintiff further contends that: "* * * the defendant engaged in a deliberate, calculated and essentially cruel campaign to estrange these growing boys from their father and to poison their minds against him." In support of this the plaintiff refers to the record wherein the defendant admitted she told the boys that the plaintiff was a mean and nasty man. The plaintiff also alleges that the defendant deprived him of visiting and communicating with his sons at times other than their summer vacations; that the defendant would not allow David to talk with him on the telephone or to visit with him during the school year; that David wished to converse with plaintiff more frequently; and that defendant resisted before this court the plaintiff's application to move the children to the plaintiff's farm in Iowa; all of which, he asserts, was destructive of the welfare of the minor boys.

The few incidents testified to by the plaintiff pertaining to thwarted efforts to visit and talk with his sons and the defendant's comments about his character occurred after the plaintiff commenced his move to ob-

tain custody of the boys. The defendant explained that her appraisal of the plaintiff to the boys and her efforts to limit his phone calls to them resulted from David's disturbed condition after the summer visitation with the plaintiff and her belief that the plaintiff's conversations with David and the continued efforts to talk to him about the pending custody hearing kept him upset. That David was being prepared for such a contest is confirmed by portions of his conversation with the trial judge and by the plaintiff's own testimony.

This court subscribes to the proposition of law set out in Annotation, 32 A. L. R. 2d 1005, as follows: "By the great weight of authority, conduct toward a child which tends to poison the child's mind against, and alienate his affection from, his mother or father, is so inimical to the child's welfare as to be grounds for a denial of custody to, or a change of custody from, the party guilty of such conduct." However, the record in this case fails to support a finding that the defendant's conduct comes within the alienation contemplated by this statement of the law. There is no adequate proof that the plaintiff was unreasonably restricted as to his communications and visits with his children and no evidence of a series of acts by the defendant that can be classified as a "contriving" or a "brain-washing technique" as argued by the plaintiff. As a matter of fact, the only planned course of conduct relative to this custody action seems to be that of the plaintiff which started with the examinations of the boys by the psychologist in August of 1960. This court cannot conclude from the record that the defendant initiated affirmative action designed to turn the boys' minds against their father. The evidence adduced by the plaintiff does not support a finding that the defendant has been influencing the boys against him, and that such has been of serious detriment to the children, hence it is not sufficient to order a change of custody.

"* * * it is generally the best policy in divorce actions

to keep minor children within the jurisdiction of the court." Syas v. Syas, 150 Neb. 533, 34 N. W. 2d 884. In the instant case the minor children will be outside the jurisdiction of the court whether with the plaintiff or defendant. Because of the circumstances previously discussed and the additional considerations that the mother's present husband appears to be suitable and acceptable in every respect, the mother's move to Illinois was occasioned by her husband's promotion and the demands of his employment, and the new home, surroundings, and conveniences seem to be on a par with the requirements of modern living and child-raising, we believe the welfare of the children will be best served by allowing the defendant to take them with her.

The order of the district court modifying the original divorce decree relative to the custody of the two minor children is reversed and the cause remanded with directions to enter an order overruling the plaintiff's application to modify the decree and granting the defendant's request to move the minor children to her new home in Illinois with the same visitation rights set out in the original decree of divorce. Appellant is allowed $250 for attorney's fees in this court.

REVERSED AND REMANDED WITH DIRECTIONS.