MERRILL GEORGE POLLARD, APPELLEE, V. DONNA PIERCE
GALLEY, FORMERLY DONNA PIERCE POLLARD, APPELLANT.
134 N. W. 2d 261

Filed April 2, 1965. No. 35882.

Hutton & Hutton and Richard P. Garden, for appellant.

Mapes & Mapes, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH,
BROWER, SMITH, and McCOWN, JJ.

CARTER, J.

This is an appeal from an order of the district court for Madison County dismissing an application for the modification of a divorce decree by which the defendant seeks the custody of four children previously awarded to their paternal grandparents.

On October 21, 1960, defendant Donna Pollard, now Donna Galley, was granted a divorce from the plaintiff Merrill Pollard on her cross-petition. All other issues were continued for subsequent hearing. On January 2, 1961, a further hearing was held, after which the custody of the four minor children of the parties was granted to Telfer R. Pollard and Ida B. Pollard, the children's paternal grandparents. No finding of unfitness as to either of the parties to the divorce proceeding was made by the trial court. The sole finding of the trial court was that it was for the best interests of the minor children of the parties that their care, maintenance, and custody be placed in the paternal grandparents. No appeal was taken and the decree thus entered became final.

The power of the district court to revise its decree of divorce as to the maintenance and custody of children is declared by statute as follows: "If the circumstances of the parties shall change, or it shall be to the best interests of the children, the court may afterwards from time to time on its own motion or on the petition of either parent revise or alter, to any extent, the decree so far as it concerns the care, custody and maintenance of the children or any of them." § 42-312, R. R. S. 1943. No attempt was made in the instant case to show that the mother was an unfit person to have the care and custody of the children; nor does the evidence show that the grandparents have failed in their duty to properly care for and maintain the children, except for some fragmentary evidence that they appeared dirty and not neatly clothed on three or four occasions. The evidence of defendant's witnesses affirmatively shows that they appeared healthy and well nourished. The sole question is, therefore, whether or not there are changed conditions warranting a revision of the decree by granting the care and custody of the children to the mother.

Defendant testified that she married Cecil Galley on December 4, 1962. They live in a three-bedroom home

for which, Galley testified, they pay rent of $60 per month. They owe $450 on the furniture in the home, which is being paid for by monthly payments of $30. They own an automobile, the value of which is not shown. Galley owns some government bonds, the amount not being specified. He owns no other real estate or personal property. He has no savings account and there is no evidence as to a bank account. The financial condition of defendant and her husband, who already had one child to support, and the prospect of adding four more ranging in ages from 5 to 10 years at the time of trial. was undoubtedly a matter of concern to the trial court in determining the sufficiency of the changed circumstances. Galley is employed at a salary of $400 per month. Defendant is not employed.

The only evidence of changed circumstances in this case comes from the defendant and her witnesses, since the trial court denied the application at the close of the defendant's evidence. From the evidence of the defendant we learn that she and her first husband were separated for 8 months before the divorce was granted on October 21, 1960. She admits she gave birth to a child in March 1961, which was adopted out. She testified that she was in the company of her former husband after the divorce, in 1961 and 1962. She makes no assertion that he is the father of this child and the inference that he is, because of association during that period, cannot be sustained because of the laws of nature. She admits that after the divorce she drank, patronized public bars, and sought the association of men. As to the circumstances existing at the time of the divorce, which persuaded the court to place the custody of the children with the grandparents, the record is devoid of evidence. She does testify that she has discontinued her evil habits and is now completely rehabilitated. Her present husband corroborates her evidence in this respect. The evidence indicates her complete disinterest in the welfare of the children since 1962. She had not seen the

children during that period. She had not written them, or sent them gifts for Christmas or on their birthdays, as a loving parent would do. Her indifference to their welfare is less than commendable. Her husband had never seen the children prior to the hearing on the application.

The circumstances existing at the time of the divorce are not shown. Neither the pleadings nor the evidence in the case are before this court. The decree of the court in that case contains no findings of facts and consequently there is not a semblance of evidence of any changed condition other than defendant's testimony as to her subsequent marriage on December 4, 1962, and the situation that has developed since that time. Without some proof of existing conditions at the time custody of the children was awarded to the grandparents, this court has little evidence to support a finding that there has been a material change of conditions. The evidence of the defendant on this subject could well be self-serving declarations for the purposes of the hearing.

The decree of the trial court awarding custody of the children to the grandparents has become final. There is no evidence that the grandparents have failed in their responsibility of caring for and maintaining these children. The grandparents have had the legal and physical custody of the children since January 2, 1961. Any change of custody must rest on changed circumstances as the statute provides. The application was considered by an experienced trial judge who had the opportunity to see and hear the witnesses. That court had a better opportunity to weigh the evidence and test the credibility of the witnesses than does this court. After hearing the evidence it determined that the evidence of changed circumstances was insufficient to change the custody of the children and uproot the ties they have formed, in favor of the defendant, whose financial ability is limited. We think the evidence is such as to sustain the action of the trial court in taking the action it did. See Williams v. Williams, 161 Neb. 686, 74 N. W. 2d 543.

The defendant relies largely on Raymond v. Cotner, 175 Neb. 158, 120 N. W. 2d 892. That case is clearly distinguishable. In that case the mother had legal custody of the child. She lived with her parents until she died. The issue was whether or not the father, who admittedly had not forfeited his parental right to the child, had a superior right to his child as against the grandparents, on the death of the mother. The case did not involve a change of circumstances warranting a change from one having legal custody to another. In the instant case the right of the grandparents to the custody has been finally determined, subject to the right of modification on a showing of changed circumstances, as the statute provides. The findings of the trial court show that there were no changed circumstances warranting a change of custody of these children. We cannot say that the trial court was in error in determining the factual situation as it did.

We conclude that the evidence sustains the action of the trial court and its judgment is affirmed.

AFFIRMED.