KATHRYN G. GOODMAN, APPELLEE, V. DAVID E. GOODMAN, APPELLANT.

141 N. W. 2d 445

Filed April 1, 1966. No. 36134.

Kistle & Telpner, Stern, Harris, Feldman & Becker, and Robert Bray, for appellant.

Hotz, Hotz, Taylor & Moylan, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, and McCOWN, JJ., and BRODKEY, District Judge.

McCOWN, J.

This was an application to modify a divorce decree with respect to the custody of minor children. The district court found that circumstances have changed materially; that both parents were fit to have custody; that the children had expressed a desire to be with the mother; that it was not in the best interests of the children that they be raised in two religious faiths; that the children had expressed their preference for the

Catholic religion; that for the daughter, a "mother figure" is preferable to that of a "father figure"; that the children should not be separated; that the children are both resourceful and intelligent; and that the best interests of the children would be served by awarding primary custody to the mother with a right of reasonble visitation by the father. The court ordered a change of custody from the father to the mother, with the mother's custody subject to the supervision of the welfare department of Douglas County; granted reasonable visitation by the father; enjoined him from rearing the children in his religious faith; and fixed amounts of child support.

The defendant's motion for fixing of a supersedeas bond was denied by the district court, granted by this court, and this appeal followed.

This is the second appearance of this case in this court on modification of custody provisions. The former case was Goodman v. Goodman, 173 Neb. 330, 113 N. W. 2d 202.

A brief review of the facts in the former case is deemed appropriate. On January 11, 1956, Kathryn G. Goodman, plaintiff and appellee here, was granted an absolute divorce from David E. Goodman, defendant and appellant here. They will hereafter be referred to as plaintiff and defendant. Custody of the two minor children, then approximately ½ year and 4 years of age, was granted to the plaintiff. On March 31, 1959, defendant filed an application to modify the decree by transferring the custody of the children from the plaintiff to the defendant. Because of delay occasioned by the plaintiff's conduct, the details of which are set out in our former opinion, modification of the decree changing the custody to the defendant was not made until May 18, 1961, in the district court for Douglas County. That action was affirmed by this court. A portion of that opinion states: "The evidence shows that the plaintiff is not a fit and proper person to have the cus-

tody of the minor children. The plaintiff has demonstrated that she is an irresponsibile person who is primarily interested in her own pleasure. What interest she has in her children is secondary to her concern for herself. * * * The evidence further shows that the defendant is a fit and proper person to have the custody of the children."

The defendant has had the custody of the children since May 18, 1961, subject to visitation rights in the plaintiff which included virtually all Sundays, 2 full weekends per month, 2 weeks summer vacation, and 3 days over Christmas.

On June 23, 1964, the plaintiff filed the application for modification of decree with which we are here concerned. Hearings were had on October 21, 1964, and March 16, 1965, and the order modifying the decree and changing custody to the plaintiff was entered April 13, 1965.

The power of the district court to revise a decree of divorce as to custody of children is covered by statute. "If the circumstances of the parties shall change, or it shall be to the best interests of the children, the court may afterwards from time to time on its own motion or on the petition of either parent revise or alter, to any extent, the decree so far as it concerns the care, custody and maintenance of the children or any of them." § 42-312, R. R. S. 1943.

In the case presently before us, the court found that both parties were now fit persons to have the care and custody of the children. In 1961, the defendant was found to be a fit person and the plaintiff specifically found unfit. The evidence is without dispute that the defendant has conscientiously performed his parental duties to these children, including their instruction in the Jewish religion. There is no question but that the children are well cared for. They are bright, intelligent children, both doing well in public school, and well ad-

justed for their ages. The daughter is now 14 years old and the son is 10 years old.

The evidence of the plaintiff as to changed conditions affecting her was presented by herself, her mother, her step-father, her aunt, and a fellow employee with whom she had lived for approximately 17 months. She has been regularly employed, and, in the opinion of her witnesses, is fit to have the custody of the children. The evidence also discloses that the plaintiff's invalid marriage to Frank Davis, referred to in our former opinion, was annulled in 1961, after the entry of modification decree in this cause. The plaintiff also relinquished for adoption the child born of the relationship with Frank Davis.

Ordinarily an application for a change with respect to care and custody of minor children, which has been provided for in a decree of divorce, made at any time after the decree has been entered, must be founded upon new facts and circumstances which have arisen subsequent to the entry of the decree. In the absence of such facts and circumstances, it will be deemed res judicata. See Young v. Young, 166 Neb. 532, 89 N. W. 2d 763. The same rule quite obviously applies to a modification as well as to the original decree.

The proper rule in a divorce case, where the custody of a minor child is involved, is that the custody of the child is to be determined by the best interests of the child, with due regard for the superior rights of fit, proper, and suitable parents. Ordinarily courts may not properly deprive a parent of the custody of a minor child unless it is shown that such parent is unfit to perform the duties imposed by the relation or has forfeited that right. Caporale v. Hale, 169 Neb. 751, 100 N. W. 2d 847; Goodman v. Goodman, *supra.*

It is quite apparent that there is here a basic conflict between the parents with respect to the religious education and training of the children, and the plaintiff relies heavily on the slight preference expressed by the chil-

dren for the mother's custody and religion. It is undisputed that the children have affection for both of their parents. While, of course, the wishes of a child who has reached sufficient age, and has the ability to express an intelligent preference, are entitled to consideration, the wishes of the child are not controlling. Hall v. Hall, 178 Neb. 91, 132 N. W. 2d 217.

The courts preserve an attitude of impartiality between religions and will not disqualify a parent because of his or her religious beliefs. Particularly is this true where there is no showing that the religious beliefs, or a conflict between them, seriously threaten the health or well-being of the child. Here it is quite obvious that a social worker, largely on information submitted by the children and the plaintiff in one interview, expressed fear of emotional damage to the children. The testimony of public school teachers of both of the children, the Rabbi, and virtually every other witness was to the contrary, and the social worker herself found the children to be "relatively well adjusted for their age." The social worker's opinion was that the absence of a "mother figure" in the home of the defendant made it unstable. No reference is made to the absence of a "father figure" if custody be changed. She termed the defendant's housekeeper a "servant figure," but did not even meet the plaintiff's mother, who was going to care for the children while the plaintiff worked, nor did she visit her home where the plaintiff intended to leave them for such care.

Hearsay, opinion, gossip, bias, prejudice, and the hopes and fears of social workers should not be the basis for a change of custody. Findings of fact must rest on a preponderance of evidence, the verity of which has been carefully and legally tested. The relationship of parent and child should not be severed or disturbed unless the facts justify it. See Young v. Young, *supra.*

The custodial parent normally has the right to control the religious training of the child. See 24 Am. Jur.

2d, Divorce and Separation, § 787, p. 893. We question whether even a noncustodial parent might legally be, or should be, enjoined from imparting religious instruction to his child in the absence of a showing of serious threat to the health or well-being of the child.

Children are not chattels. A parent found unfit for custody should not, by the mere passage of time without further misconduct, be able to change child custody provisions in a divorce decree in the absence of clear and convincing evidence that the custodial parent is failing to provide proper and reasonable care for the children; that the best interests and welfare of the children are adversely affected; and that the formerly unfit parent can and will better perform the duties of a custodial parent, in the best interests of the child. The custody of children should not be the subject of a continuous contest between divorced parents at the expense of the children's well-being, even when ostensibly motivated by religious principles.

Where there is no evidence that the party having custody has failed in the responsibility of caring for and maintaining the children, evidence of reformation or rehabilitation of the parent formerly found unfit is, in itself, not sufficient evidence of changed circumtances to warrant a change in custody. See Stanley v. Stanley, 155 Neb. 125, 50 N. W. 2d 558. In the case of Pollard v. Galley, 178 Neb. 587, 134 N. W. 2d 261, it was held that the proof of changed conditions must show the suitability and responsibility of the applicant, and that the best interests of the children are not unduly impaired before a change in legal custody will be directed. The rule of that case, which involved custodial grandparents, becomes even stronger in this case which involves a natural parent.

For the reasons stated, the order of the district court of April 13, 1965, is hereby reversed and the cause remanded with directions to vacate the said order.

REVERSED AND REMANDED WITH DIRECTIONS.