STATE OF NEBRASKA EX REL. CAROL D. SPEAL, APPELLEE, v. GAYLE M. EGGERS, APPELLANT.

149 N.W. 2d 522

Filed March 31, 1967. No. 36477.

Kerrigan, Line & Martin, for appellant.

Sidner, Gunderson, Svoboda & Schilke, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is a habeas corpus action. Relator, Carol D. Speal, obtained a divorce from the respondent, Gayle M. Eggers, in the district court for Linn County, Iowa, on May 27, 1964, and was awarded custody of the two minor children of the parties. On August 6, 1965, the

district court for Dodge County, Nebraska, on stipulation entered into an action under the Uniform Reciprocal Enforcement of Support Act, gave respondent the right to have the children for a period of 2 months each summer. Respondent received the children June 8, 1966, and subsequently refused to return them to relator who then brought this action to regain custody of the children. The trial court awarded custody of the children to relator, with the provision that respondent should have visitation privileges not exceeding one continuous period of 2 weeks each year, together with such shorter periods as might be agreed upon between the parties.

The evidence reflects that soon after the Linn County, Iowa, divorce, relator moved to Grand Junction, Colorado, where she obtained employment as a secretary for the Atomic Energy Commission. The children went with her to Colorado with the consent of the Iowa court. On June 19, 1966, relator married Alexander Speal, a mining engineer in the employ of the Atomic Energy Commission who had been so employed for a period of 12 years. Mr. Speal had also been once married and divorced. Relator had established and maintained, prior to this marriage, an adequate modern home, recently remodeled, in a middle-class neighborhood in Grand Junction and was still residing there at the time of trial. The record does not reflect that relator at any time failed to properly provide for or adequately care for the minor children, to wit: A daughter Christine, 13 years of age at the time of trial, and a son Stewart, 11 years of age at the time of trial, but it does appear that relator was guilty of an indiscretion with a married man for a short period following the Iowa divorce. Respondent resides in Fremont, Nebraska, and although he had held several different positions during the past 5 years, is now employed as a vice president and general manager of Claridge Farms. He, too, remarried on November 25, 1965, his wife having been twice married and divorced and having two minor children, one by each

former marriage, who reside in their home. There is nothing to indicate that respondent could not give the children a proper home or that he was unfit to have their custody.

The children testified while their parents were absent from the courtroom. They indicated affection for their mother and father and, also, for the present spouses of their parents. They stated, in substance, that having lived with their mother for a considerable period, they would now like to live with their father, but would want to see their mother occasionally and might eventually wish to return to her. They enjoyed being in Fremont during the summer vacation while free from any duties entailed by attending school and they also enjoyed visiting with the relatives of relator and respondent who resided within the Fremont area.

Respondent contends that evidence of indiscretions alleged to have been committed by relator prior to the entry of the divorce decree in Linn County, Iowa, was wrongfully rejected by the trial court. In this regard, attention is called to the case of Young v. Young, 166 Neb. 532, 89 N. W. 2d 763, wherein this court held: "* * * an application for a change with respect to care and custody of minor children, which has been provided for in a decree of divorce, made at any time after the decree has been entered must be founded upon new facts and circumstances which have arisen subsequent to the entry of the decree. In the absence of such facts and circumstances the matter will be deemed res judicata." It is therefore evident that the evidence offered was not pertinent to the issues before the court.

Respondent also contends that the preference expressed by the children to remain with their father should be decisive in this case or at least be considered to carry great weight. It is a matter of common knowledge that children of the age of Christine and Stewart are very impressionable and it is only to be expected that when on vacation from school and other duties, in a

place where they are able to fully enjoy themselves, they would be inclined to wish to continue such a happy interlude; however, this court has stated in the case of Bath v. Bath, 150 Neb. 591, 35 N. W. 2d 509, that: "The child's statement may be considered, but is not controlling in determining his custody."

Respondent also contends that relator is unfit, due to alleged former indiscretions, to have custody of the children. Yet, notwithstanding his contention that she had been guilty of such indiscretions prior to the Iowa divorce, he, at that time, made no attempt to establish such fact or to obtain custody of the children. Regarding relator's indiscretion shortly following the divorce, it is possible that had respondent, under the then existing circumstances, sought custody of the children, a different view would have been taken of the situation than that warranted by present circumstances. At the time of trial and for some time past, relator had ceased such indiscreet conduct, was steadily employed, and was then, as she had been at all times before, adequately caring for her children. She has now remarried and her present husband, insofar as the record in this case shows, is a responsible citizen of good reputation, with an excellent and steady position as a mining engineer, and he has expressed considerable fondness and affection for relator's children. Most certainly the home now offered the children by Mr. and Mrs. Speal is a good home, capable of supplying all the needs of these children, and both of them appear definitely interested in the children's continued welfare. Ordinarily where one of the parents has had the custody of the minor children of the parties for a considerable period, during which time they have been properly cared for and strong mutual attachments have developed, the interest of the children will generally be best served by leaving them with such parent. See Koch v. Koch, 175 Neb. 737, 123 N. W. 2d 642.

Ordinarily, custody of minor children awarded to their

mother in a divorce action will not be disturbed, unless by changed circumstances it is affirmatively shown that the mother is an unfit person to have their custody, or that the best interests of the children require such action. See Hossack v. Hossack, 176 Neb. 368, 126 N. W. 2d 166. The discretion of the trial court with respect to changing the custody of minor children is subject to review, but the determination of the court will not ordinarily be disturbed unless there is a clear abuse of discretion or it is clearly against the weight of the evidence. See Johnson v. Johnson, 177 Neb. 445, 129 N. W. 2d 262. In the present case, the record does not disclose that the mother is at this time an unfit person to have the custody of her minor children, or that a change of custody would be advantageous to the children, nor does it disclose any abuse of discretion on the part of the trial court. We do feel, however, that it is in the interest of the children to maintain a responsible relationship with both parents and that respondent should be entitled to have the children for a continuous period of 4 weeks during the summer school vacation and for short periods at such other times as the parties may agree upon, provided that respondent makes adequate provision for their transportation to and from their mother's home. Subject to the modification mentioned, the judgment should be and is affirmed.

AFFIRMED AS MODIFIED.