DONALD VAN EPEREN, APPELLEE, v. BETTY JANE VAN EPEREN, APPELLANT.

156 N. W. 2d 147

Filed February 2, 1968. No. 36673.

Chambers, Holland & Dudgeon, for appellant.

Everson, Wullschleger & Sutter, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

This case involves an application for change of custody of minor children under a divorce decree.

September 1, 1965, the plaintiff, Donald Van Eperen, filed his petition for a divorce from Betty Jane Van Eperen, the defendant. In October, the court entered an order granting temporary custody of the children to the

defendant and fixing temporary allowances. On November 12, 1965, the defendant filed an answer and cross-petition in which she prayed for custody of the two minor children. December 13, 1965, the plaintiff and defendant, both represented by counsel, executed a stipulation and contract which was later filed with the district court. Insofar as is directly material here, the stipulation provided that if a divorce was granted, the plaintiff, Donald Van Eperen should have the custody, care, and maintenance of the two children, Lucinda Lucille Van Eperen, born July 5, 1961, and Jeffrey Orval Van Eperen, born January 21, 1963, until the further order of any court which had jurisdiction. It also provided that the defendant should have the right to take said children with her on Saturdays and to have custody for 2 weeks during the summer vacation months, and that plaintiff would pay specified amounts for support and maintenance for that summer period. The stipulation also provided that it would be submitted to the district court for his approval or rejection.

The divorce decree was entered December 20, 1965. Both plaintiff and defendant were represented at the hearing by counsel. The decree granted a divorce to the plaintiff and denied the defendant's cross-petition. The decree awarded plaintiff sole custody of the two minor children and contained visitation and support provisions as provided in the stipulation, although the decree made no reference to the stipulation.

The defendant, Betty Jane Van Eperen, moved to Lincoln, Nebraska, in February 1966. Both parties have remarried. Defendant filed her application for modification in November 1966. After hearing, the decree was modified to provide that the defendant should be entitled to control and possession of the children on the final weekend of each month so long as defendant resides in Lincoln, Nebraska, and should have temporary control and care of the children from June 15 to August 1 of each year, with the plaintiff to have visitation rights

during that period, and adjusted support amounts for the increased summer vacation period. Motion for new trial was overruled and the defendant, Betty Jane Van Eperen, has appealed.

The evidence at the hearing on the application for modification established that the children have been living with the plaintiff and his present wife since their marriage, and it is virtually uncontradicted that the children are and have been well cared for in all respects. There is no evidence whatever that the best interests and welfare of the children have been or will be adversely affected by plaintiff's custody. There is also no evidence whatever that the best interests and welfare of the children would be better served by granting custody to the mother, unless it be assumed that the fact that she is their natural mother overrides all other considerations. The basic ground for the original divorce was the defendant's misconduct. Such former misconduct by the defendant was tacitly admitted at the hearing on this application not only by defendant's mother and her sister, but by the defendant herself.

Although there was no specific finding of unfitness here, we believe the rule expressed in Goodman v. Goodman, 180 Neb. 83, 141 N. W. 2d 445, applies. "A parent found unfit for custody should not, by the mere passage of time without further misconduct, be able to change child custody provisions in a divorce decree in the absence of clear and convincing evidence that the custodial parent is failing to provide proper and reasonable care for the children; that the best interests and welfare of the children are adversely affected; and that the formerly unfit parent can and will better perform the duties of a custodial parent in the best interests of the child." The remarriage of a mother, previously denied custody of children, is not alone sufficient evidence of changed circumstances to warrant a change in custody, but requires the same clear and convincing evidence.

The judgment of the district court was correct and is affirmed.

AFFIRMED.