LAWRENCE W. MCNEILL, APPELLEE, v. NORMA JEAN
MCNEILL, APPELLANT.

157 N. W. 2d 185

Filed March 15, 1968.    No. 36746.

Lyons & Carroll, for appellant.

Bosley & Bosley, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This action is one for a change in custody of two minor children.

On June 21, 1966, the plaintiff Lawrence W. McNeill obtained a decree of divorce from Norma Jean McNeill, defendant, since which time defendant has become the

wife of Curtis Meyer. The parties had two minor children, Patrick, who was born on May 11, 1956, and Brenda, who was born on August 1, 1962. The decree entered in the divorce action found that plaintiff was a fit and suitable person to have the care and custody of Patrick and awarded custody of Patrick to the plaintiff until the further order of the court. The decree also provided that: "* * * by reason of defendant's disregard for her marital obligations, she has forfeited her right to have the care and custody of the parties' minor child, Brenda Lynette McNeill, * * *" and awarded custody of Brenda to plaintiff's sister, Mrs. John Sines, with a provision that plaintiff pay $35 per month for Brenda's support. Defendant was given certain visitation rights permitting her to take the two minor children into her custody on the first Sunday or Monday of each month between the hours of 9 a.m. and 8 p.m.

On May 15, 1967, defendant filed an application requesting that she be given custody of the two minor children and that plaintiff be required to pay $35 per month for the support of each child. Hearing was had thereon on May 25, 1967, at which time the court ruled: "* * * that the circumstances of the parties have not changed so as to warrant a change in the Decree as to custody * * *" and defendant appeals.

The evidence may be summarized. Defendant and her present husband now rent a home consisting of two bedrooms, a living room, and a kitchen. The home is adequately furnished. Although defendant had been, during her former marriage and up to the time she remarried, employed in various restaurants, she is no longer working but spends her time in the home. Her present husband is a construction worker, earning $120 per week, and out of his earnings they pay rent of $55 per month, have one or two payments left to make on their car, owe $70 on a sofa, and $700 to a finance company. Monthly payments on the latter two items amount to $7.50 and $28 respectively. Defendant, since her remar-

riage, neither drinks nor smokes, gets along fine with her present husband, and he is willing to accept the children into his home. He is well acquainted with Brenda but knows Patrick only by sight. Mr. Meyer had had some drinking problems in the past and had been arrested on two occasions, but since his marriage has been reasonably abstemious. Mr. Meyer was 28 years of age at the time of hearing and defendant, nearing 31 years of age. Defendant's present home is an average home, maintained in reasonable condition, but she concedes were she to get both children, she would need a larger home. She has taken full advantage of her visitation rights so far as Brenda is concerned, but has not been able to do so with the boy as he avoids her and does not wish to go with her. Patrick appears to have been very emotionally disturbed over the separation of his parents, resents his mother's having left, and is further disturbed by her attempts to see him.

Mrs. John Sines is 43 years of age, a former school teacher who attended McCook Junior College, and who resides with her husband. They have three boys, the oldest of which is in college and the youngest, 14 years of age. Her husband, John Sines, is on his church board and active in local Boy Scout affairs and other youth activities. They have an adequate home where Brenda is happy and well cared for, with other children her own age in the neighborhood to play with. Brenda is a well-behaved child normally, but occasionally needs correction after having visited in the home of her mother. Without going into details, the evidence definitely indicates that owing to her visits in the mother's home, she has become extremely precocious for a 4-year-old girl in some sexual aspects.

Patrick appears to be well cared for in his father's home and is happy there.

It would appear that under the circumstances, the trial court arrived at a wise decision, particularly in view of the fact that some question of defendant's fit-

ness to have the minor children still remains, but aside from this question, this record would not justify a change in custody. Insofar as Patrick is concerned, the following rule is applicable: "Where there is no evidence that the party having custody has failed in the responsibility of caring for and maintaining the children, evidence of reformation or rehabilitation of the parent formerly found unfit is, in itself, not sufficient evidence of changed circumstances to warrant a change in custody." Goodman v. Goodman, 180 Neb. 83, 141 N. W. 2d 445.

Regarding Brenda, ordinarily the superior right of a parent who does not appear to be unfit to have custody of his or her minor child and who has not forfeited such right will prevail as against a party other than a parent in an original proceeding; but where custody has previously been awarded to one who is not one of the parents by a prior final order of the court, a change in custody will not be decreed in favor of a parent who previously forfeited custody or was found unfit to have such custody in the absence of a showing of such a change in circumstances that a modification of the original order is required in the best interests of the child. Raymond v. Cotner, 175 Neb. 158, 120 N. W. 2d 892. See, also, Pollard v. Galley, 178 Neb. 587, 134 N. W. 2d 261.

The trial court is generally in a much better position to determine questions pertaining to the custody of minor children and where necessary can make use of its power to make an independent investigation of surrounding circumstances. Its discretionary action in this regard should not be lightly considered. "The discretion of the trial court with respect to changing the custody of minor children is subject to review, but the determination of the court will not ordinarily be disturbed unless there is a clear abuse of discretion or it is clearly against the weight of the evidence." State ex rel. Speal

v. Eggers, 181 Neb. 558, 149 N. W. 2d 522.
The judgment is affirmed.

AFFIRMED.