BERNARD L. BOYER, APPELLANT, v. JUDITH RAE BOYER, APPELLEE.

159 N. W. 2d 546

Filed June 7, 1968.   No. 36855.

Baskins, Baskins & Schneider, for appellant.

Maupin, Dent, Kay, Satterfield & Gatz, Donald E. Girard, and Gary L. Scritsmier, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This is an action to modify a divorce decree by changing the custody of minor children from the appellee mother to the appellant father. The parties, who were 18 years of age at the time of the marriage August 16, 1960, were divorced March 1, 1965. Two children were born to said marriage, Jeffery Scott Boyer, March 19, 1961, and Kevin Louis Boyer, January 23, 1963. The divorce was granted to appellee and custody of the children was awarded to her.

Section 42-312, R. R. S. 1943, provides as follows: "If the circumstances of the parties shall change, or it shall be to the best interests of the children, the court may afterwards from time to time on its own motion or on the petition of either parent revise or alter, to any extent, the decree so far as it concerns the care, custody and maintenance of the children or any of them."

The change of circumstances on which the application herein is predicated is that subsequent to the divorce, appellee gave birth to an illegitimate child at the Booth Memorial Hospital in Omaha, Nebraska, and the allegation that appellee abandoned the care of the children to other parties. Appellee admitted that she gave birth to an illegitimate child, but alleged that at all times the children were provided with a good and sufficient home. Five months before the birth of the illegitimate child, appellee entrusted the care of the children to her parents in Lincoln, Nebraska, and she went to the hospital in Omaha where she stayed until after the birth of the child. Upon her release from the hosptal, she returned to the home of her parents where she and the Boyer children reside.

It will serve no useful purpose to discuss the details

of appellee's indiscretion except to note that her explanation of the incident would indicate rape. Accepting her version, as the trial court must have done, she is still subject to censure for permitting herself to get into the situation described by her. The question arises, however, as to whether this is sufficient to constitute a change of circumstances within the meaning of the statute. If there were evidence that this was habitual conduct, there could be little question. However, the record covers only this one incident and indicates that appellee's conduct is otherwise above reproach.

There is no evidence in the record that the children were neglected in any way. The trial court specifically found that the appellee had been providing adequate care for the children. He found her to be a fit and proper person to have their custody and determined that the best interests of the children would be served by permitting them to remain in her custody. In this regard, it is appropriate to observe that the trial court not only saw but visited with the children in the presence of counsel.

Ordinarily, custody of minor children awarded to their mother in a divorce action will not be disturbed unless by changed circumstances it is affirmatively shown that the mother is an unfit person to have their custody, or that the best interests of the children require such action. State ex rel. Speal v. Eggers, 181 Neb. 558, 149 N. W. 2d 522.

The only basis for a change of custody herein is the single fact that appellee gave birth to an illegitimate child, and while the matter is before us for trial de novo (see Caporale v. Hale, 169 Neb. 751, 100 N. W. 2d 847), we cannot entirely ignore the fact that the able trial judge who heard the matter herein had an opportunity to observe the witnesses and to visit with the children.

We have said many times the discretion of the trial court with respect to changing the custody of minor children is subject to review, but the determination of

the court will not ordinarily be disturbed unless there is a clear abuse of discretion or it is clearly against the weight of the evidence. Johnson v. Johnson, 177 Neb. 445, 129 N. W. 2d 262.

We cannot say that the trial court abused its discretion herein or that on the present record its decision is clearly against the weight of the evidence. If the situation should change, the decree of the court, insofar as the minor children are concerned, is never final in the sense that it cannot be changed.

We do find, however, that the appellant did have some reason to submit the question of a change of circumstances to the court. Under the peculiar circumstances herein, we believe that appellant should not be required to pay any portion of the fees of appellee's attorney but all other costs are taxed to him. With this exception, the judgment herein is affirmed.

AFFIRMED AS MODIFIED.