HAROLD TRAUTMAN, APPELLEE, v. LOUISE TRAUTMAN,
APPELLANT.
166 N. W. 2d 415

Filed March 21, 1969. No. 36983.

John E. Dougherty, for appellant.

Kier, Cobb & Luedtke and Swartz & Wieland, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

In April 1955, defendant Louise Buller, middleaged and widowed with five children, owner of a 160-acre improved farm, married plaintiff Harold Trautman, middleaged, previously unmarried, parent oriented, and owner of a 160-acre unimproved farm. The parties are the parents of a 12-year-old son, Leroy James. In 1968, as the result of incompatibility that ripened into extreme cruelty, Harold was granted a divorce decree, his 160-acre farm, cattle and machinery thereon, and his $1,100 bank account. Louise was granted her 160-acre farm, 90 acres now irrigated, a $20,000 home ($5,000 to $6,000 mortgage), all household goods, furniture, and appliances, $4,350 alimony, custody of the boy, except for two weekends a month and 6 weeks during the summer, and $45 per month child support, with no award of attorney's fees. On appeal by Louise, we affirm the decree of the district court with some modification.

No serious question appears as to the alimony award. It appears ample. Both parties are frugal and hard working. Harold now has his farm clear, some farm

machinery worth about $4,000, cattle worth $6,000 to $8,000, and a small checking account. Louise has her clear, improved 160-acre farm, now 90 acres irrigated, from earnings during the marriage, a $20,000 fully furnished and equipped home with $5,000 to $6,000 against it, and an income of about $8,000 per year ($5,000 to $6,000 from the farm and about $2,280 from a nursing home job). During the marriage they treated their properties separately, and at least part of the time Harold farmed Louise's 160 acres in whole or in part and received one-fourth share for his services. Louise had three children from her previous marriage at home, and the amount of their joint contribution to payment of expenses is in some dispute, but they both contributed substantially. Louise, over his objection, built the $20,000 Henderson home, using proceeds of a jointly bought previous home, and with Harold paying about one-half on the appliances, furniture, etc.

No physical abuse is present in this case. Incompatibility ripened into Louise's refusal of intercourse and written demand that he leave the home premises. She sent him two checks, one for $3,000 and one for $1,500, which he never cashed. She does not resist the divorce. Further analysis would only obscure the basic outline of the case. It appears that the larger amount of the net increase of the value of the property is with Louise. Her own conduct in sending the checks to Harold suggests and confirms this. There is nothing in the evidence to suggest any award to Louise on the basis of the conduct of Harold, when measured in proportion or against her admitted or undisputed attitude and conduct. There is no cross-appeal by Harold as to the amount of alimony and we can find no reason to disturb the discretion and judgment of the district court.

Independent of the assets of the wife and mother, the father is primarily liable for the support of his children. Jones v. Jones, 173 Neb. 880, 115 N. W. 2d 462; Upah v. Upah, 175 Neb. 606, 122 N. W. 2d 507; Dimond v. State,

110 Neb. 519, 194 N. W. 725; Wassung v. Wassung, 136 Neb. 440, 286 N. W. 340.

Louise's testimony is that it requires $75 a month to support Leroy James, apparently independent of her own time and care invested in the endeavor. The court takes judicial notice of the ordinary costs of living and dental, medical, and other familiar costs of living. Schrader v. Schrader, 148 Neb. 162, 26 N. W. 2d 617. We direct that the decree be modified to provide for $75 per month child support during the time Leroy James is in the custody of his mother.

The custody provision of the decree provides that Leroy James be with the father 6 weeks in the summer between school terms. We agree. We direct the provision for transfer of custody to the father on the weekends be eliminated. No question arises as to Louise's fitness and stability, and tranquility of Leroy James' environment should be served. It appears that reasonable visitation rights to Leroy James at Louise's home will be amply sufficient, together with the summer provision for custody, to preserve the father's rights and relationship to Leroy James.

The allowance of attorney's fees to Louise is discretionary. § 42-308, R. R. S. 1943. Our cases demonstrate a uniform practice to allow attorney's fees to the wife in the absence of unusual circumstances. Nothing frivolous or overreaching appears either in the appeal here where we are granting some further relief, or in the necessity in the district court to have counsel in the adjustment of their property and custody rights after 13 years of marriage. Harold has ample assets to finance the reasonable costs of the litigation to dissolve this marriage. The decree should be modified to provide for the payment to Louise of attorney's fees in the sum of $500 as a total sum for services in the district court and this court.

The decree and judgment of the district court are affirmed as modified herein.

AFFIRMED AS MODIFIED.