STATE OF NEBRASKA EX REL. DOROTHY B. SANDERS, APPELLANT, V. EVELYN M. DOYLE, APPELLEE.

191 N. W. 2d 545

Filed November 12, 1971. No. 37937.

Padley & Dudden, for appellant.

Beatty, Morgan & Vyhnalek, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

This action arises out of a controversy over the custody of two minor children, Gay Lynn Doyle and Louis Ivan Doyle. The district court awarded the custody of the children to Evelyn M. Doyle Kleinow, the defendant. The plaintiff, Dorothy B. Sanders, appeals.

The plaintiff and Ivan F. Doyle were married on February 20, 1954. Gay Lynn Doyle was born on February 11, 1958. Louis Ivan Doyle was born on March 12, 1960. In February 1966, the plaintiff left her husband and children in North Platte, Nebraska, and followed Joe Sanders to Wyoming. There she divorced Ivan F. Doyle on April 18, 1966, and married Joe Sanders on June 8, 1966.

On September 2, 1966, the defendant and Ivan F. Doyle were married. On November 3, 1966, the custody of the two minor Doyle children was awarded to Ivan F. Doyle by the district court. Ivan F. Doyle died on May 18, 1967, as the result of an accident. After his death the children continued to live with the defendant, their stepmother.

On June 5, 1967, the plaintiff commenced this action to obtain the custody of the children. The trial court found that the plaintiff had abandoned the children and forfeited her right to their custody, and awarded the custody of the children to the defendant. The plaintiff filed a motion for new trial but the motion was not heard until October 6, 1969.

On that date the parties filed an application alleging that they had entered into an agreement settling the matters in controversy between them, and requesting that the court approve the agreement. The agreement provided that an appeal from the probate proceeding in county court should be dismissed; that the proceeds of

an insurance policy should be divided ⅓ to the defendant and ⅔ to the plaintiff; that the proceeds from an action arising out of the injury and death of Ivan F. Doyle should be divided ⅔ to the defendant and ⅓ to the children of Ivan F. Doyle; and that the custody of the minor children should be awarded to Orrie Pursel, their maternal grandfather. The trial court approved the agreement, transferred the custody of the children to Orrie Pursel, and overruled the plaintiff's motion for new trial.

Shortly thereafter, Orrie Pursel permitted the children to live in the home of the plaintiff. A motion by the defendant to cite the plaintiff and Orrie Pursel for contempt resulted in their being fined on January 14, 1970.

On February 19, 1970, the plaintiff filed an application for an order permitting the children to live with her while the custody would remain with Orrie Pursel. A cross-application was filed by the defendant requesting that the custody of the children be placed with her. After a lengthy hearing the trial court found that Orrie Pursel was not willing to continue his custody under the order of October 6, 1969; that the plaintiff had forfeited her right to custody; and that the custody of the children should be awarded to the defendant. It is from this judgment that the plaintiff appeals.

The plaintiff contends that since she is the natural mother of the children, she has a superior right to their custody. The plaintiff concedes in her brief that at the time of her separation from Ivan F. Doyle she was unfit to have the custody of the children. She contends, however, that she has now rehabilitated herself and is a proper and suitable person to have the custody of her children.

Where a parent has forfeited the right to custody of her children and the custody has been awarded to someone other than a parent, ordinarily the fact that the parent is now rehabilitated is not a sufficient change in circumstances to require a change in custody. See,

McNeil v. McNeil, 182 Neb. 759, 157 N. W. 2d 185; Pollard v. Galley, 178 Neb. 587, 134 N. W. 2d 261.

The record fully supports the trial court's finding that the plaintiff abandoned her children in 1966. The care of the children then devolved upon the father, Ivan F. Doyle, and the defendant after the marriage on September 2, 1966. After his death on May 18, 1967, the children continued in the care of the defendant until October 6, 1969. During this time a strong attachment formed between the children and the defendant.

In determining the custody of children of tender years, the court will give consideration to the fact that the children have formed a natural attachment for a person who has stood in the relation of a parent. See, Williams v. Williams, 161 Neb. 686, 74 N. W. 2d 543; State ex rel. Cochrane v. Blanco, 177 Neb. 149, 128 N. W. 2d 615.

At the hearing in July 1967, and again at the hearing in July 1970, the children each expressed a definite preference to live in the home of the defendant. Although the preference of the children as to custody is not controlling, it is a factor that will be considered by the court. See, Gray v. Hartman, 181 Neb. 590, 150 N. W. 2d 120; State ex rel. Cochrane v. Blanco, *supra;* Goodman v. Goodman, 180 Neb. 83, 141 N. W. 2d 445.

The defendant is now 47 years of age. Her husband is 49 years of age. They live in a modern home on a farm near Wellfleet, Nebraska. The record sustains a finding that this is a proper and suitable home for the children and that they are loved and well cared for by the defendant and her husband.

The plaintiff is 43 years of age and lives in North Platte, Nebraska. Her husband is employed by the Union Pacific Railroad but is near retirement. His age was stated in the record to be 65, 66, or 69 years. He did not testify at the hearing in July 1970, and it is apparent that he would be able to furnish but little parental guidance and assistance to the children. There is evi-

dence to the effect that the children do not relate with him and develop a nervous condition after living in the plaintiff's home.

The controlling issue in this case is the best interest of the children. The record fully sustains the finding of the trial court that it is in the best interest of the children that they be placed in the custody of the defendant.

The judgment of the district court is affirmed.

AFFIRMED.