SALLY JO SCHNEIDER, APPELLEE, v. HAROLD DUANE SCHNEIDER, APPELLANT.

195 N. W. 2d 227

Filed March 3, 1972. No. 38053.

George A. Sommer, for appellant.

Wright & Simmons and John F. Wright, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

The district court increased the allowance payable by Harold Duane Schneider to Sally Jo Schneider for child support to $200 a month. Harold appeals.

On May 6, 1970, Sally and Harold stipulated that he would pay her $150 a month for child support. The payment was to be for the support of Kari and an unborn child. The following day the court incorporated the stipulation into a decree that awarded Sally an absolute divorce.

On September 8, 1970, Sally gave birth to a child, Karmen. On October 26 she petitioned for an increase to $250 a month for child support. At the trial in January 1971 she testified as follows. At the time of the stipulation she had not anticipated certain circumstances. They were living expenses and the length of her unemployment because of the pregnancy. In addition she desired to send Kari, age 3½, to preschool at a cost of $5 a day.

Sally at the time of trial was employed at a monthly salary of $320 gross, $260 net. Harold was a manager of Universal C.I.T. at a gross monthly income of $745 which he had been receiving for some time. A Christmas bonus in 1970 amounted to $260. His net monthly income was $575 which resulted partly from his claim of one exemption for withholding of income taxes. He intended to claim two more exemptions for the children in 1971. He owned an automobile which he needed in his employment. Among his other assets were a trailer, a color television set, and a stereophonic sound console. The trailer was heavily encumbered.

If the circumstances of the parties shall change or it shall be to the best interests of the children, the court may alter the decree respecting care and maintenance of the children. § 42-312, R. R. S. 1943. A post-decree birth is a change of circumstances, although the decree provided for support of the child.

A father is primarily liable for support of his minor children, his liability being independent of the assets of the mother. The order of the trial court in a child support proceeding will not be overturned unless there is found an abuse of discretion. Benton v. Benton, 187 Neb. 205, 188 N. W. 2d 685 (1971).

The district court in this proceeding committed no abuse of discretion. The order is affirmed. Sally requests an allowance for services of her counsel in this court. The request is denied.

AFFIRMED.

NEWTON, J., dissenting.

I disagree with the majority opinion. Decree of divorce was entered herein on May 7, 1970, following a hearing at which both parties were represented by able counsel. A stipulation had been entered into regarding disposition of the property of the parties, custody of a minor daughter, and one unborn child, child support for the children including the one not born, and medical expenses. On October 26, 1970, plaintiff filed her petition for an increase in child support payments previously fixed at $150 per month by stipulation incorporated in the decree. The court decreed an increase to $200 per month.

At the time of the divorce, plaintiff was earning $260 per month, her apartment rent, with utilities included, was $135 per month, defendant's salary was $745 per month and remains unchanged. Plaintiff moved to Sidney, Nebraska, and is presently employed at a salary of $320 per month. She has purchased a house carrying monthly payments of $80 and has utilities expense of $35 per month. She had an automobile before the divorce

and there has been no change in transportation expense except that she has purchased a new car and is making payments of $50 per month. She states her baby-sitting expense has increased by about $45 per month and wishes to send the 3½-year-old daughter to preschool at a cost of $100 per month. Her house expense is now $20 per month less than the rent she formerly paid and with each payment she increases her equity in the house. She now enjoys a salary increase of $60 per month. These factors nearly offset the increase in car payments and baby-sitter's fees. The only new element of consequence is plaintiff's presently conceived desire to send her child to preschool which is not ordinarily considered necessary for a child's welfare and has not been shown to be such in the present case.

It is a rule of long standing that any application for modification of a divorce decree with respect to care, custody, and maintenance of minor children must be founded on new facts which have arisen since entry of the decree. See Hossack v. Hossack, 176 Neb. 368, 126 N. W. 2d 166. In the present instance modification of the decree was sought within 6 months of its entry. Under such circumstances the court has power to vacate or modify the decree. See § 42-340, R. R. S. 1943.

The right to set aside or modify a divorce decree within 6 months is not absolute but must be exercised within a sound judicial discretion. Good reason must be shown for such action. See, Hubbard v. Hubbard, 176 Neb. 768, 127 N. W. 2d 503; Zachry v. Zachry, 185 Neb. 336, 175 N. W. 2d 616. Here we have a stipulation regarding the matter at issue entered into by the parties knowingly, willingly, and with advice of competent counsel. No substantial change in circumstances appears, no deceit is charged or proved, and no good reason for modifying the stipulation and decree is shown. The order modifying the original decree should be reversed.

If the rule mentioned above is not followed, the trial

judge will be at liberty to tinker with divorce decrees at will during the 6-month period following entry of decree.