DARLENE M. ADAMSON, APPELLANT, V. LEONARD M. ADAMSON, APPELLEE, CHARLES M. ADAMSON ET AL., INTERVENERS-APPELLEES.

211 N. W. 2d 895

Filed November 9, 1973. No. 38992.

Fisher & Fisher, for appellant.

Paul D. Empson, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

Plaintiff-appellant appeals from the denial of her petition to modify a divorce decree which found her unfit to have custody and control of her minor children. She sought a modification solely to obtain custody and control of Michael John Adamson. The court placed Michael in the exclusive custody and control of his paternal uncle and aunt. We affirm.

On April 7, 1967, plaintiff was granted an absolute divorce on the grounds of extreme cruelty. While plaintiff was granted the divorce the court specifically found that she was not a fit, proper, or suitable person to have custody of the couple's minor children. The court found it did not have jurisdiction of the oldest child, but gave the custody and control of the three other children to the husband, Leonard M. Adamson, who is now deceased.

The present action concerns only the youngest child, Michael John Adamson, who has been cared for at various times prior to and since his father's death by his paternal uncle and aunt, Charles M. and Vallara V. Adamson.

In this action plaintiff attempts to attack the finding of unfitness in the divorce decree. The record imports verity. Plaintiff argues that the divorce decree was ex parte and that she had no knowledge of the finding of unfitness. This contention borders on the absurd. Her husband's answer alleged her unfitness. She was represented in court by counsel at the time of the final hearing and the present action was tried by the judge who heard the divorce.

"In awarding or changing custody, the welfare of the minor child is the question of primary importance." Hossack v. Hossack (1964), 176 Neb. 368, 126 N. W. 2d 166.

"Application for modification of a divorce decree with respect to the care, custody, and maintenance of minor children must be founded upon new facts and circumstances which have arisen since the entry of the decree." Hossack v. Hossack, *supra*.

Children are not chattels. A parent found unfit for custody should not, by the mere passage of time without further misconduct, be able to change child custody provisions in a divorce decree in the absence of clear and convincing evidence that the best interests and welfare of the child require it. See Goodman v. Goodman (1966), 180 Neb. 83, 141 N. W. 2d 445.

There is no question the controlling rule in custody cases is the best interests or welfare of the child. Michael, who is now nearly 8 years old, has been separated from his natural mother for the last 6 years. He and a 17-year-old brother have been and are now living with their paternal aunt and uncle. He has really known no mother other than his paternal aunt.

Plaintiff produced several affidavits to prove that there has been a change in circumstances. Plaintiff has been living in California and Iowa since the divorce. It is undisputed that plaintiff's present husband seduced one of her teenage daughters who joined her in California. In spite of the affidavits produced by the plaintiff, there is a serious question as to whether the plaintiff's home would be a proper place to raise Michael. It does not seem likely that the best interests of this child would be served by taking him from the only environment he has ever known and moving him to another state where he would be away from his brother and with strangers.

The discretion of the trial court with respect to changing the custody of minor children is subject to review, but the determination of the court will not ordinarily be disturbed unless there is clear abuse of discretion or it is clearly against the weight of the evidence. Flesher v. Flesher (1973), *ante* p. 359, 208 N. W. 2d 677.

We accept the findings of the trial judge. There has been no abuse of discretion herein. The judgment of the trial court is fully supported by the evidence. It is in the best interest of the child, and should be and is affirmed.

AFFIRMED.